JOSEPHDAFFER *v*. THE STATE.

LIQUOR LAW.—*Information.*—An information for retailing intoxicating liquor without license, after charging the sale by the defendant, on, &c., of a less quantity than a quart of intoxicating liquor for a certain sum, continued thus: "he, the said" defendant, "not then and there having a license to sell intoxicating liquors in a less quantity than a quart at a time," &c.

*Held*, that this sufficiently showed that the defendant, at the time of the sale, was not licensed, according to law, to make the sale charged.

SAME.—It is not necessary that such an information should state the particular kind of intoxicating liquor sold.

SAME.—*Evidence.*—On the trial of such an information, the evidence showed that the liquor sold was *beer*, but failed to show that it was intoxicating, and also failed to show in what year the sale was made.

*Held*, that, for these failures, the evidence was insufficient.

APPEAL from the Hamilton Common Pleas.

ELLIOTT, J.—The appellant was convicted on an information for retailing intoxicating liquors without a license, and fined fifty dollars.

Overruling a motion to quash the information is assigned for error. The sale is charged to have been made on the 27th of March, 1869. The first objection urged to the information is an alleged variance between the affidavit and the information in the date of the year. In the affidavit the figure 6, in 1869, is not very distinctly made, as it somewhat resembles a 0. It is, however, clearly intended as a 6. The point is too fine for judicial appreciation.

It is argued that the information is defective in not clearly averring that the appellant, at the time of the sale, was not licensed according to law to sell intoxicating liquors by a less quantity than a quart at a time. The information, after alleging a sale by the defendant of a less quantity than a quart, for five cents, contains this averment; "he, the said Xafer Josephdaffer, not then and there having a license to sell intoxicating liquors in a less quantity than a quart at a time," &c.

This averment is sufficient; it negatives the fact that the appellant had any license authorizing the sale.

It is also claimed that the information is bad because it does not state the particular kind of liquor sold. It was not necessary that that fact should be averred in the information. The penalty is for selling without license "any intoxicating liquor by a less quantity than a quart at a time."

A motion for a new trial was overruled, and the appellant excepted.

One of the causes urged for a new trial was, that the verdict was not sustained by sufficient evidence. The evidence is before us, and is very brief. Andrew A. Stewart, the person to whom the sale is alleged to have been made, testified as follows: "I bought a glass of *beer* of the defendant, on or about the 27th day of March, and paid for it five cents; drank it in his house in Hamilton county, Indiana. The glass would not hold a quart; it would take about three glasses to make a quart." On cross-examination, the witness said, "I am sure I bought a glass, and not a quart; and I am sure I bought it of the defendant." This was all the evidence, and it does not sustain the finding. It fails to show that the sale was made within the period of the statute of limitations, before the commencement of the prosecution, as it does not show in what year the sale was made. Nor does it appear from the evidence that the beer sold was intoxicating. The statute declares that the words "intoxicating liquors," as used in the act, shall apply to any spirituous, vinous, or malt liquor, or to any intoxicating liquor whatever, which is used, or may be used as a beverage. 1 G. & H. 614, sec. 2. All beer is not intoxicating, and it does not appear by the evidence that the beer sold by the defendant was a malt liquor. The evidence fails to bring the case within the inhibition of the statute, and the court, therefore, erred in overruling the motion for a new trial.

Judgment reversed, and the cause remanded for a new trial.

*A. F. Shirts,* for appellant.

*D. E. Williamson,* Attorney General, for the State.