## FARRELL *v.* THE STATE.

SUPREME COURT.—*Evidence.*—Where the evidence is conflicting, the verdict depending upon the credibility of witnesses and the weight and consideration due their testimony, the Supreme Court will not reverse a judgment thereon.

Farrell *v.* The State.

APPEAL from the Hendricks Common Pleas.

BUSKIRK, J.—This was a prosecution under the thirteenth section of the "act to regulate and license the sale of intoxicating liquors," approved March 5th, 1859.

The information, omitting the formal parts, charged that the appellant, "on or about the 30th day of May, 1871, at and in the county of Hendricks, and State of Indiana, kept a certain house in which intoxicating liquors were sold, bartered, given away, and suffered to be drank, and then and there kept said house in a disorderly manner, by then and there allowing drunken persons to congregate in and about said house, and by then and there allowing cursing, fighting, hallooing, quarrelling, blackguarding, loud laughing and talking, in the day time and at late hours of the night, in and about said house, and other disturbances then and there committed, much to the annoyance and discomfort of many citizens residing in the vicinity of said house."

The court overruled a motion to quash the information, and the appellant excepted. The appellant, being arraigned, pleaded not guilty. The cause was tried by a jury, and resulted in a verdict of guilty. The fine assessed was one hundred and fifty dollars.

The court overruled a motion for a new trial and rendered judgment on the verdict, to which rulings the appellant took exceptions.

Several errors have been assigned, but the counsel for the appellant, in their brief, only claim that the judgment should be reversed for the reason that the verdict of the jury was not sustained by, but was contrary to, the evidence.

We have carefully read and duly considered the evidence. There were fourteen witnesses examined by the State, the most of whom resided in the immediate vicinity of the business house of the appellant. There were eleven witnesses examined by the defence, some of whom lived near to, but the most of them more remote from the place where the appellant carried on business. The testimony of the witnesses on behalf of the State was of an affirmative charac-

ter, while that on the part of the defence was of a more negative character; and only a few of the witnesses contradicted the facts detailed by the witnesses introduced by the State. The jury were, from their knowledge of the localities and character of the witnesses, far more competent to determine the weight and consideration that was due the testimony of the witnesses than we are. We could not, under the well settled rules and practice of this court, undertake to weigh the evidence. If the jury believed the witnesses on the part of the State, they were justified in finding the verdict they did. The law applicable to the case seems to have been fully and accurately stated by the court to the jury. There seems to have been a fair trial. We cannot, under these circumstances, disturb the judgment.

The judgment is affirmed, with costs.

*Ray, Ray & Ray,* and *D. Moss,* for appellant.

*B. W. Hanna,* Attorney General, for the State.

The judgment is affirmed, with costs.