STATE OF MAINE *vs.* JOHN DORR.

Waldo.    Opinion November 20, 1889.

*Intoxicating liquors.    Indictment.    Pleading.    Nuisance.    R. S., c.* 17, §§ 1, 2.

Where an indictment, otherwise sufficient, alleges the defendant kept, maintained and used a certain building "for the illegal sale and illegal keeping for sale, of intoxicating liquors; no allegation of sale is necessary.

ON EXCEPTIONS.

The respondent filed a general demurrer to the indictment, which was joined by attorney for the state. The presiding justice overruled the demurrer and adjudged the indictment sufficient. To this ruling the respondent excepted.

The following were the averments in the bill of indictment:—

"The jurors for said state upon their oaths present that John Dorr, of Frankfort, in said county, at Frankfort in said county of Waldo, on the first day of January in the year of our Lord one thousand eight hundred and eighty-eight and on divers other days and times between said first day of January aforesaid, and the day of the finding of this indictment, without any lawful authority, license or permission did keep and maintain a common nuisance, to wit: a certain building, in said Frankfort, then and there used during all said time by him, the said Dorr, for the illegal sale and illegal keeping for sale of intoxicating liquors, to the common nuisance of all the people, against the peace of the state and contrary to the form of the statute in such case made and provided."

*Albert F. Sweetser*, county attorney, for the state.

In *State* v. *Lang*, 63 Maine, 219, the indictment does allege sales generally and the court say, "No allegation of sales was required. The offense described in the nuisance statute, is not selling liquors, but the keeping and using a place for the purpose of selling. The keeping the place is the gist of the offense." Counsel also cited: *Com.* v. *Kelly*, 12 Gray, 175; *State* v. *Ruby*, 68 Maine, 543; *Com.* v. *Farrand*, 12 Gray, 176; *State* v. *Dodge*, 78 Maine, 439; *Com.* v. *Howe*, 13 Gray, 26, 30; Bish. Cr. Proc. 820; R. S., c. 17, § 1.

*W. P. Thompson and R. F. Dunton*, for defendant cited, R. S., c. 17, §§ 1, 2.

The indictment does not sufficiently allege that the respondent kept or maintained said building for the said illegal purpose, or that he ever sold there any intoxicating liquors; or kept there any intoxicating liquors for sale or which were intended for sale by him or any one else. Respondent is indicted under c. 152, P. L., 1873, by which it is provided that c. 17 shall apply to any place where intoxicating liquors are sold for tippling purposes;— hence the necessity of alleging a sale by respondent.

VIRGIN, J. By R. S., c. 17, § 1, "all places used * * for the illegal sale or keeping of intoxicating liquors * * are common nuisances." By § 2, "whoever keeps or maintains such nuisance shall be fined," etc.

The indictment alleges with proper time and venue that John Dorr, without any lawful authority "did keep and maintain a common nuisance, to wit: a certain building in said Frankfort then and there used during all said time by him, the said Dorr, for the illegal sale and illegal keeping for sale of intoxicating liquors to the common nuisance," etc.

We have no doubt of the sufficiency of the indictment. No allegation of sale is necessary. *State* v. *Lang*, 63 Maine, 215, 219.

*Exceptions overruled.*
*Judgment for the State.*

PETERS, C. J., DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.