# JANUARY TERM, 1893.

SPENCER D. BISHOPP, PROSECUTING ATTORNEY, v. VICTOR
H. LANE, CIRCUIT JUDGE OF HILLSDALE COUNTY.

*Liquor traffic—Druggists—Local option law.*

94 461
108 202

94 461
s53NW1093
130 ²701

94 461
156 ²644

1. Druggists in local option counties are governed as to the sale of
   liquor therein by the provisions of the general liquor law of
   the State.
2. A druggist in a local option county, who has filed his bond,
   and who sells liquor in violation of the restrictions and require-
   ments of the general liquor law, should be prosecuted under
   the local option law.

*Mandamus.* Argued January 3, 1893. Denied January
11, 1893.

Relator applied for *mandamus* to compel respondent to
vacate an order quashing an information. The facts are
stated in the opinion.

*Spencer D. Bishopp, in pro per.*

*Lockerby & Kinney,* for respondent.

PER CURIAM. The sole question presented by this
application is whether a druggist who has filed his bond
as required by the statute, and who violates the restrictions
imposed by law in selling intoxicating liquors, in a county
in which the provisions of the "Local Option Law," so
called, are in force, is to be prosecuted under such local

option law or the general statute (Act No. 313, Laws of 1887).

The second section of the local option law (Act No. 207, Laws of 1889) provides that—

" On and after the first day of May next following after the adoption by the board of supervisors " and the vote of the people required by the statute, the general laws of the State relating to the regulation of the business of selling intoxicating liquors " shall be, and the same are hereby declared, suspended and superseded so far as relates to the territory and municipalities within the limits of any such county: *Provided*, however, that all sales of liquors by druggists or registered pharmacists in such counties shall be under the restrictions and requirements imposed upon them by the general laws of this State."

Section 1 of the act provides—

" That it shall be unlawful for any person, directly or indirectly, * * * to sell * * * any vinous, malt, brewed, fermented, spirituous, or intoxicating liquors, * * * or to keep a saloon or any other place where any such liquors are manufactured, sold, stored for sale, given away, or furnished, in any county of this State, on and after the first day of May next following after the adoption by the board of supervisors of such county of a resolution prohibiting· the same, as provided in section thirteen of this act, so long as such resolution remains unrepealed: *Provided*, however, that the provisions of this section shall not apply to druggists or registered pharmacists in selling any such liquors under and in compliance with the restrictions and requirements imposed upon them by the general laws of this State."

These provisions refer to the general laws of the State as fixing the restrictions and requirements imposed upon druggists; but section 1 does not in terms exempt druggists from the provisions of the act, but only druggists who sell under and in compliance with the restrictions and requirements imposed upon them by the general laws of the State. To hold that druggists are not punishable

under Act No. 207, it is necessary to enlarge the proviso which exempts them.    There could be no doubt, if the restrictions were embodied in the proviso itself, that a prosecution would lie if compliance with such restrictions were negatived in the information; nor do we think the fact that such restrictions and requirements are imposed by another general law of the State changes the rule of construction.    We hold, therefore, that the prosecution should have been under Act No. 207, Laws of 1889.    See *People v. Murphy*, 93 Mich. 41.

As the learned circuit judge reached the same conclusion, it follows that the writ of *mandamus,* asking for the vacation of his order, should be denied, without costs.