MAYNARD *v.* EATON CIRCUIT JUDGE.

INTOXICATING LIQUORS—LOCAL OPTION LAW—DRUGGISTS—ILLEGAL SALE.

A druggist who has complied with the general law by filing a bond entitling him to sell liquors for medicinal purposes cannot, on proof of a single unlawful sale, be convicted of keeping a place for the sale of liquors in violation of the local option law ( 3 How. Stat. § 2283a ).   The prosecution in such case should be for the illegal sale.

*Mandamus* by Horace S. Maynard, prosecuting attorney for Eaton county, to compel Clement Smith, circuit judge for said county, to vacate an order quashing an information for a violation of the local option law. Submitted December 3, 1895.   Denied January 16, 1896.

*Horace S. Maynard*, in pro. per.

*John M. Corbin*, for respondent.

MONTGOMERY, J.   Relator filed an information against one Frank J. Brainard, in which he charged said Brainard

with a violation of section 2283a, 3 How. Stat., in keeping a drug store, and alleged that he was not then engaged in keeping such place as a druggist or registered pharmacist, and not so keeping such place under and in compliance with the restrictions and requirements imposed upon druggists and registered pharmacists by the general laws of this State. It appears from the petition and return that the prosecution relied for conviction upon the proof of a single unlawful sale, and the question is whether, under such information, a conviction would be justified upon this proof. We are not dealing with a case in which a party claiming to be a druggist has failed wholly to comply with the law by filing a bond, but the question is whether one who has in this respect complied with the law may be convicted of unlawfully keeping a place by proof of an unlawful sale. We held in *Bishopp* v. *Hillsdale Circuit Judge*, 94 Mich. 461, that a druggist might properly be informed against under this section for selling liquor, if the information negatived the terms of the exception. It was there said that this section does not exempt druggists from the provisions of the act, but only exempts such as sell under and in accordance with the restrictions imposed upon them by the laws of the State. See, also, *People* v. *Murphy*, 93 Mich. 41. These cases were, however, cases of unlawful sale, and in each case the information fully apprised the accused of the nature of the offense charged. It is clear that a druggist cannot sell liquor as a beverage, or without complying with the statutory regulations, and escape responsibility for his act by claiming that he is within the exceptions of the statute; but the question here is, what is the offense charged, and what is the offense which the druggist who has complied with the law by filing his bond commits when he makes a sale unlawfully? We do not intimate that one who is a druggist, and who has failed to file his bond, may not be prosecuted under this section, as in such case it would seem to be an offense for him to keep a place where liquors are sold or kept for sale. But

a druggist who has complied with the law in this respect is not guilty of an offense in keeping a place where liquors are sold or kept for sale; and, however we may disguise it, a charge of this nature, based upon proof of a single sale, is an attempt to charge a distinct offense of an invalid and unlawful sale, and this under general language, which gives the accused no information of the precise offense which it is the intention of the prosecutor to prove. If the contention of the prosecutor is sound, then, under such an information, any—the slightest—infraction of the regulations relating to druggists would render the druggist liable for keeping a place prohibited by statute. We think this is not the legislative intent, but that a druggist who has complied with the law by filing a bond, while he may be guilty of an offense, is not guilty of an offense in keeping his drug store; and that, if it is sought to charge him with a violation of the law in unlawfully selling, it is not a hardship to require that the offense be specified in such manner that the accused may know what he is called upon to meet.

These views agree with those of the circuit judge, and it follows that the application for a *mandamus* should be denied.

LONG, GRANT, and HOOKER, JJ., concurred. MC-GRATH, C. J., took no part in the decision.