## STATE OF IOWA V. JOHN S. DIXON, Appellant.

**Indictment:** INTOXICATING LIQUORS   An indictment under Code, section 2384, providing that whoever erects, estab ishes, or uses any building erected or place for specified purposes shall be guilty of a nuisance, alleging that defendant did unlawfully establish and use a certain building "or" plac; in a designated city, with the intention of unlawfully keeping, selling and giving away intoxicating liquors in such building, is not equivocal, uncertain and doubtful because of the use of the word "or."

SAME.   An indictment alleging that defendant unlawfully sold and gave away intoxicating liquors "at" a specified building or place within the county, is not indefinite or uncertain because of the use of the word "at" instead of "in."

*Appeal from Cerro Gordo District Court.*—HON. JOHN C. SHERWIN, Judge.

### WEDNESDAY, APRIL 6, 1898.

INDICTMENT for maintaining a nuisance. Verdict of guilty, and judgment thereon, from which the defendant appealed.—*Affirmed.*

*Cliggitt & Rule*, for appellant.

*Milton Remley*, attorney general, for the state.

GRANGER, J.—The following is the charging part of the indictment: "The said John S. Dixon on the first of February in the year of our Lord one thousand eight hundred and ninety-seven, in the county aforesaid, did unlawfully establish, keep, use, maintain, and continue a certain building or place in the city of Mason City, Cerro Gordo county, state of Iowa, for the purpose and with the intention of unlawfully keeping, selling, and giving away in said building or place aforesaid, in said county and state, intoxicating liquors,

to-wit, whisky, beer, gin, brandy, and other intoxicating liquors to the grand jury unknown, and did then, and at said building or place in said county, unlawfully keep, sell, and give away the said intoxicating liquors, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Iowa." It is said that the indictment is so equivocal, uncertain, and doubtful that a conviction under it cannot be sustained, because of the use of the word "or," so that the *locus* is expressed as "a certain building or place," "in said building or place," and "at said building or place." These several expressions occur in the indictment. The language of the statute is, "And whoever shall erect or establish, or continue or use any building, erection or place for the purposes prohibited in this section, shall be guilty of a nuisance." Code, section 2384. Appellant relies on the rule stated in 1 Bishop, Criminal Procedure (3d ed.), section 586, as follows: "If a statute makes it a crime to do this, or that, mentioning several things disjunctively, all may, indeed, in general, be charged in a single count; but it must use the conjunctive 'and' where 'or' occurs in the statute, else it will be defective as being uncertain. All are but one offense, laid or committed in different ways." The section has reference, not to the place of committing an offense, but to the manner of its commission. The following, being a part of the preceding section (585), seems to us to be more applicable to the question under consideration: "Whenever the conjunction 'or' would leave it uncertain which of two things is meant, it is inadmissible, and in its stead 'and' may be employed, if it makes the required sense." To us there is no uncertainty in the use of the word "or." It is true that in many cases its meaning would be to denote one of two places, and leave it uncertain which was the right one; but it is

also many times used to make certain a designation or place named, because of doubts as to accuracy of name or description. A building is always a place, but all places are not buildings; hence, if the term "building" was thought to be of doubtful accuracy, the term "place," being more comprehensive, might cure or make certain what might otherwise be uncertain or defective. To us the phrase "building or place" is not of uncertain meaning. The indictment need not charge the commission of the offense as having been committed at any particular place in the county, but may charge it as having been committed in the county. *State v. Waltz*, 74 Iowa, 610. We are not saying that this indictment would not be good if the language was construed as meaning that the offense was committed in a building or other place in the county. We do not decide that question.

II. It is said in the indictment that the defendant "did then and there, at said building or place in said county, lawfully keep, sell," etc. It is thought the word "at" is fatal to the indictment, and that the word "in" should have been used to make it sufficiently certain. Reliance is placed on a holding in *Helgers v. Quinney*, 51 Wis. 62 (8 N. W. Rep. 17). The validity of a treasurer's deed was in question, which depended on an observance of a statute requiring a notice to be published in four public places in the county, one of which should be in some conspicuous place in the treasurer's office. The affidavit to show the fact of such posting stated that the notices were posted "at four places," instead of in such places. The holding is that there is a difference between at a village, and in a village, at a drug store and in a drug store, and at the treasurer's office, and in a conspicuous place in the treasurer's office. The ruling is placed on the statutory requirements to sustain a

deed, and the departure was held fatal. The maintaining of a nuisance is not made to depend on any such distinction. If the building or place is established, erected, continued or used for selling, or keeping with intent to sell, it is what constitutes the offense. The keeping at the building or place may be as clear a violation of the law as keeping in the building or place. The question is, what was the building or place kept or used for? The judgment is AFFIRMED.