ANDERSON v. VAN BUREN CIRCUIT JUDGE.

1. CRIMINAL LAW—PLACE FOR SALE OF LIQUORS—LOCAL OPTION.
   In a prosecution for a violation of the local option law (Act No. 183, Pub. Acts 1899) by keeping a place where intoxicating liquors are sold, an information stating the offense in the language of the statute is sufficient, as it apprises the respondent that he is charged with the continuing act of keeping a place for the unlawful sale of liquor.

2. SAME—EXEMPTIONS.
   The proviso to section 1 of Act No. 183, Pub. Acts 1899, does not exempt druggists from the provisions of the act, but only such druggists as sell under and in compliance with the restrictions imposed by the general law and said act; and an information against a druggist is sufficient if it negatives the terms of the exemption.

3. SAME—SINGLE OFFENSE.

    An information charging the respondent with keeping a place where various kinds of liquors were sold, stored for sale, given away, and furnished, in violation of law, states but one offense

*Mandamus* by David Anderson, prosecuting attorney of Van Buren county, to compel John R. Carr, circuit judge of said county, to vacate an order quashing an information. Submitted April 22, 1902. (Calendar No. 19,216.) Writ granted June 3, 1902.

*David Anderson, in pro. per.*

*Thomas J. Cavanaugh* and *Hammond & Hammond,* for respondent.

HOOKER, C. J. The defendant was charged with a violation of the liquor law. The following is a copy of the substance of the information:

"At the township of South Haven, and in the county aforesaid, and on divers days and times between that day and the 17th day of October, A. D. 1901, in a certain building there situate, did then and there keep a certain place, to wit, a drug-store, where vinous, malt, brewed, fermented, spirituous, and intoxicating liquors, and mixed liquors and beverages a part of which were intoxicating, were sold, stored for sale, given away, and furnished, he, the said Jesse E. Goodrode, not being then and there engaged in so keeping such place as a druggist or registered pharmacist, and not so keeping such place, or so selling, storing for sale, giving away, and furnishing such liquors, under and in compliance with the restrictions and requirements imposed upon druggists and registered pharmacists by the general laws of the State of Michigan; the aforesaid keeping of said place where the above-described liquors were sold, kept for sale, given away, and furnished being contrary to the provisions of a certain resolution adopted by the board of supervisors of the county of Van Buren, State of Michigan, on the 4th day of March, A. D. 1890, in pursuance of the provisions of Act No. 207 of the Public Acts of the State of Michigan for the Year 1889, and the acts amendatory thereto; the aforesaid keep-

ing of said place where the above-described liquors were sold, kept for sale, given away, and furnished having then and there been done as aforesaid by the said Jesse E. Goodrode in violation of and contrary to the provisions of said Act No. 207 of the Public Acts of the State of Michigan for the Year A. D. 1889 and the amendments thereto, and contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

Upon arraignment his counsel moved to quash the information upon several grounds, viz.:

"1. For the reason that said information does not charge against the respondent any crime or offense known to the laws of the State of Michigan or the statutes thereof.

"2. For the reason that said information alleges that the said respondent is a druggist, and then charges him with having, on the 3d day of May, 1901, at the township of South Haven, county aforesaid, and on divers days and times between that day and the 17th day of October, 1901, in a certain building there situate, kept a certain place, to wit, a drug-store, where vinous, malt, brewed, fermented, spirituous, and intoxicating liquors, and mixed liquors and beverages part of which were intoxicating, were sold, stored for sale, given away, and furnished in violation of the law. That there are therefore charged in this information several distinct and independent offenses, and it is therefore bad for duplicity.

"3. For the reason that the information charges the respondent with being a druggist, and at the same time having kept a place where intoxicating liquors were sold, stored for sale, furnished, and given away. That it is therefore inconsistent, and does not specifically inform the respondent as to what charge or offense he will be put on trial for.

"4. For the reason that under the information now on file, and the law applicable to cases of this kind, the respondent is not informed as to what offense he will be put upon trial for."

Section 1 of Act No. 183 of the Public Acts of 1899 reads as follows:

"That it shall be unlawful for any person directly or indirectly, himself or by his clerk, agent, or employé, to manufacture, sell, keep for sale, give away, or furnish

any vinous, malt, brewed, fermented, spirituous, or intoxicating liquors, or any mixed liquor or beverages any part of which is intoxicating, or keep a saloon or any other place where any such liquors are manufactured, sold, stored for sale, given away, or furnished, in any county of this State on and after the first day of May next following after the adoption by the board of supervisors of such county of a resolution prohibiting the same, as provided in section thirteen of this act, so long as such resolution remains unrepealed: *Provided, however*, that the provisions of this section shall not apply to druggists or registered pharmacists in selling any such liquors under and in compliance with the restrictions and requirements imposed upon them by the general laws of this State and section twenty-five of this act, as amended."

It will be noticed that there are but two classes of persons who are exempted from the operation of this section, and they are druggists and registered pharmacists. It seems to be the theory of defendant's counsel that the local option act has no bearing upon these two classes, and that they may sell liquor at will, answering only under the general liquor act, of which section 5381 of the Compiled Laws is a part. This is a misapprehension, for there is a limitation upon the exemptions as to these classes. They are exempted only when acting in compliance with the restrictions of the general act, and of section 25 of the act of 1899. The language of the proviso is that the provisions of the act shall not apply to such persons "*in selling* any such liquors under and *in compliance* with*," etc. In all other cases they are liable. By turning to section 16 of the act of 1899, we find the penalty which is imposed upon "any person who shall violate this act." The information states that the defendant kept a place, etc., but not as a druggist or registered pharmacist under and in compliance with law, etc. The section quoted, viz., section 1 of Act No. 183, makes the keeping of a place, etc., an offense. The information has charged the defendant with doing so, and expressly stated that he was not within the proviso. In the case of *Maynard* v. *Eaton Circuit Judge*, 108 Mich. 202 (65 N. W. 760), cited in support of respondent's action, it was said:

"We held in *Bishopp* v. *Hillsdale Circuit Judge*, 94 Mich. 461 (53 N. W. 1093), that a druggist might properly be informed against under this section for selling liquor, if the information negatived the terms of the exception. It was there said that this section does not exempt druggists from the provisions of the act, but only exempts such as sell under and in accordance with the restrictions imposed upon them by the laws of the State."

.. In the late case of *People* v. *Utley*, 129 Mich. 628 (89 N. W. 349), this question was again discussed.

It is competent to charge this offense in the manner adopted. It is in the language of the statute, and apprises the defendant that he is charged with the continuing act of keeping a place for the unlawful sales of liquor. All kinds of unlawful sales are admissible in support of the charge, and it is not necessary to set forth specific sales. In this respect it is different from an information charging one with making a sale in violation of law. In such case it has been usual and necessary to state to whom the sale was made, and, if all sales were not unlawful, to show that it was unlawful by stating wherein it was so. In this case the defendant might lawfully keep a place to sell as a druggist or pharmacist under and in compliance with law. The information says that he has not done this, and any other keeping is illegal.

We think there is but one offense charged, viz., the keeping of a place, although the information does charge that it was a place where various kinds of liquor were sold, stored for sale, given away, and furnished in violation of law. It may not be necessary to prove all these, and it is also true that it constitutes a single offense within the period charged, for which but one penalty can be imposed should the defendant be convicted.

We are of the opinion that the writ should be granted, and it will be so ordered.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.