PEOPLE *v.* REMUS.

1. CRIMINAL LAW—DIRECTING VERDICT—RIGHT TO JURY TRIAL.
The jury in a criminal case, in which no testimony was introduced for respondent, after being out all night, reported that they were unable to agree, whereupon the court directed them to return to the jury-room and bring in a verdict of

guilty. *Held*, to violate the constitutional guaranty of trial by jury. *People* v. *Warren*, 122 Mich. 504, followed.

2. INTOXICATING LIQUORS—LOCAL OPTION LAW—SALES BY DRUG-GISTS—REPORTS—DITTO MARKS—OBJECT OF PURCHASE.

Act No. 183, Pub. Acts 1899, § 25, requiring a druggist in a county adopting prohibition to make weekly reports to the prosecuting attorney, giving the full name and residence of every person procuring liquor at his drug store during the previous week, the kind and quantity of liquor procured, the date of procuring the same, and the object for which each purchase was made, is not prohibitory of the use of ditto marks to indicate dates, residence, kind and quantity of liquor procured, etc.; and the word "medical" is a sufficient statement of the object of the purchase.

3. SAME—AFFIDAVITS.

A blank affidavit containing nothing but the signature of a notary public does not comply with the law requiring a druggist to "make and swear to" his report of liquor sold.

4. CRIMINAL LAW—INFORMATION—BILL OF PARTICULARS—APPEAL.

The refusal of the trial court to compel the prosecution in a case prosecuted by information to furnish a bill of particulars will not be reviewed on error. *People* v. *McKinney*, 10 Mich. 92, followed.

5. INTOXICATING LIQUORS—LOCAL OPTION LAW—DRUGGISTS—UN-LAWFUL SALES.

A druggist who has complied with the general law by filing a bond entitling him to sell liquors for medicinal purposes cannot, on proof of a single unlawful sale, be convicted of keeping a place for the sale of liquors in violation of the local option law; 2 Comp. Laws, § 5429, not warranting a contrary conclusion. *Maynard* v. *Eaton Circuit Judge*, 108 Mich. 201, reaffirmed and followed.

Exceptions before judgment from Van Buren; Carr, J. Submitted November 19, 1903. (Docket No. 230.) Decided February 16, 1904. Additional opinion July 16, 1904.

William Remus and William J. Remus were convicted of a violation of the local option law. Reversed.

*Thomas J. Cavanaugh, H. T. Cook,* and *A. C. Donovan,* for appellants.

*Charles A. Blair,* Attorney General, and *David Anderson,* Prosecuting Attorney, for the people.

CARPENTER, J.   The information in this case, except in the names of persons and dates of events, is precisely like that adjudged to be sufficient in *Anderson* v. *Van Buren Circuit Judge,* 130 Mich. 697 (90 N. W. 692), and charged respondents with keeping a drug store for the unlawful sales of liquor.   No testimony was introduced by respondents, and the testimony of the people tended strongly to prove their guilt.   The issue was submitted to the jury, who, after being out all night, reported to the court the following morning that they were unable to agree.   Thereupon the court said:

"Gentlemen of the jury, it is your duty to return a verdict of guilty in this case.   Now, you will return to your rooms, and you will come in, under these instructions, and bring in a verdict of guilty."

The jury retired, and, in accordance with the instruction, rendered a verdict of guilty; and the court denied the request of respondents' counsel to have the jury polled.

The impropriety of this ruling is the principal ground upon which respondents ask to have the conviction set aside.   The court assumed to direct this verdict because the reports made by respondents to the prosecuting attorney did not comply with the law; and it is to us clear that these reports, in stating the amount sold, in some cases as "1 B. Beer," and in others as "2 B. Beer," did not state the "quantity of liquor procured," as required by law.   See section 25, Act No. 183, Pub. Acts 1899.   It is to be borne in mind, however, that respondents were not on trial for making illegal reports.   They were being tried for the offense of keeping a drug store for the unlawful sales of liquor.   The issue was not whether the sale was illegally reported, but whether the reported and illegal

sales were in fact made. These reports undoubtedly furnished very convincing testimony, but can it be said, as a matter of law, that the jury were bound to believe that the illegal sales reported had actually been made ?

The authority of a court to direct a verdict of guilty in a criminal case was fully considered and determined by this court in *People* v. *Warren*, 122 Mich. 504 (81 N. W. 360, 80 Am. St. Rep. 582). We quote from the opinion in that case, and we think it applicable to the facts in this:

"Our attention has not been called to a case in which the judge undertook to enter a verdict for the jury when the latter failed to follow the instructions of the court, and it is not believed such a case can be found. The cases of *People* v. *Neumann*, 85 Mich. 98 (48 N. W. 290), and *People* v. *Collison*, 85 Mich. 105 (48 N. W. 292), indicate very clearly that, should a judge attempt to return a verdict for the jury, he would be trespassing upon the province of the jury. In all the cases where a verdict was directed, the only question involved was a question of law. As a rule, the facts were admitted, so that it was simply a question of whether the admitted facts, under the law, showed respondent was guilty of the crime. Here the facts were not admitted. It became the duty of the people to show by competent evidence the guilt of the accused. It was for the court to say what evidence was competent, and to decide whether it should be admitted, or not; but, after it was admitted, it was for the jury to say what weight should attach to it. The jury were not obliged to believe a witness simply because he had been sworn. Can it be said that in this case the action of the jury cannot be accounted for upon the theory that they did not believe some of the witnesses ?

· "Whether that can be said or not, the fact remains that, under the Constitutions of the United States and this State, before a respondent can be convicted of a felony upon a plea of not guilty, a verdict of guilty must be rendered against him by the jury. While it is the duty of the jury to take the law from the judge, and be guided by it, still, if the jury does not do its duty, its failure to do so does not confer upon the judge added power, and authorize him to usurp the functions of the jury, and return a verdict of guilty himself. The right of the trial judge to direct the jury in relation to the law of the case

is not conceded in all of the courts, but, as we have already seen, that question is no longer an open one in this State. When, in addition to that right, it was held that, in cases where the facts were admitted, the trial court might direct the jury to return a verdict of guilty, the border line separating the functions of the trial judge from the province of the jury was reached. If another step is to be taken, and, in addition to the right to direct a verdict, it is held that the judge may, when the jury is unwilling to follow the direction of the court, compel a verdict, then the border line is passed, the judge has entered upon the province of the jury, and the constitutional guaranty of a right of trial by jury in criminal cases is overthrown."

The rule above stated clearly condemns the practice adopted in this case. The verdict under consideration was in no sense the verdict of the jury. It is true, they retired to the jury-room, but they did not go there to consider their verdict. They went there charged with the positive instruction to return a verdict of guilty; and, when they obeyed that direction, they were not given the opportunity of denying that it accorded with their own judgment. We must regard this visit to the jury-room as a mere idle ceremony, and their verdict as one which the court compelled them to return.

For the purpose of affording aid upon another trial, it is our duty to consider the other questions raised by the record.

The trial judge was of the opinion that the law (section 25, Act No. 183, Pub. Acts 1899) requiring respondents to make each week to the prosecuting attorney a report "giving the full name and residence of every person procuring liquor at their drug store during the last week, the kind and quantity of liquor procured, the date of procuring the same, and the object for which each purchase was made," forbade the use of ditto marks to indicate dates, residence, kind and quantity of liquor procured, etc., and that the word "medical" was not a sufficient statement of the object of the purchase. We cannot agree with this opinion. We think it is based on too narrow a construction of the law.

The blank affidavit on one of the reports introduced in evidence contained nothing but the signature of a notary public, and the trial judge was quite right in saying that this affidavit did not comply with the law, which required the druggist to "make and swear to" the report.

Respondents contend that the complaint is defective. This contention is fully answered by our decision in *Anderson v. Van Buren Circuit Judge, supra.*

It is contended that the trial judge erred in refusing to compel the prosecution to furnish a bill of particulars. We must decline to review this ruling. *People v. McKinney*, 10 Mich., at page 92.

Error is assigned because the trial judge refused to give without modification the following request of respondents:

"A druggist who has complied with the general law by filing a bond entitling him to sell liquor for medical purposes cannot, on proof of a single unlawful sale, be convicted of keeping a place for the sale of liquors in violation of the local option law. A prosecution in such case should be for the unlawful sale."

Respondents were not entitled to have this request given. Section 5429, 2 Comp. Laws, reads:

"Proof of a single sale of any one or more of the liquors or beverages mentioned in this act . * * * shall be presumptive evidence of * * * keeping a place where such liquors are * * * kept for sale."

Respondents raise no other objection which, in our judgment, demands discussion.

The conviction will be set aside, and a new trial ordered.

Moore, C. J., Montgomery and Hooker, JJ., concurred. Grant, J., did not sit.

### ADDITIONAL OPINION.

Carpenter, J. The opinion filed in this case on the 16th of February last (reported above) will be taken as authority for the proposition that proof of a single unlaw-

ful sale is sufficient evidence to justify a conviction for keeping a drug store for the unlawful sale of liquor. In deciding this case we did not have the advantage of an oral argument, nor was there any reply made to the brief of the prosecuting attorney. The case of *Maynard* v. *Eaton Circuit Judge*, 108 Mich. 201 (65 N. W. 760), hereinafter referred to, was overlooked both by the court and by counsel, and we were led—too hastily, we concede —to accept the argument of counsel that the conclusion above stated was justified by section 5429 of the Compiled Laws. We have re-examined the question,—having on this re-examination the benefit of additional briefs,—and are of the opinion that said conclusion was wrong; that it virtually overrules the dicision of *Maynard* v. *Eaton Circuit Judge*, *supra*, and places a wrong construction upon said section 5429. We deem it our duty, therefore, upon our own motion, to take this early opportunity of correcting our error.

Section 5429, 2 Comp. Laws, reads as follows:

" Proof of a single sale of any one or more of the liquors or beverages mentioned in this act, or of the posting in any distillery, brewery, saloon, or other place of business of a United States revenue receipt permitting the manufacture or sale of any one or more of the liquors or beverages mentioned in this act, at the time and place alleged in the complaint or information, shall be presumptive evidence of such manufacture, sale, keeping for sale, giving away, or furnishing of any such liquors, or of keeping a place where such liquors are manufactured, sold, kept for sale, given away, or furnished, as the case may be."

" Proof of a single sale " of liquor, or proof of the posting in one's " place of business of a United States revenue receipt permitting " the sale, is by this section made presumptive evidence " of keeping a place " where such liquors are " kept for sale." But this section contains no warrant for our conclusion that proof of a single *unlawful* sale affords evidence that one is keeping a place for the unlawful sale of liquor. Under said section, " proof of a single sale " affords the same, and no greater, evidence " of keep-

ing a place where such liquors are * * * kept for sale" than is afforded by "the posting · * * * of a United States revenue receipt." Certainly the posting of such revenue receipt is no evidence of keeping a place where liquors are sold in violation of law. We therefore reaffirm our decision of *Maynard* v. *Eaton Circuit Judge, supra,* that proof of a single unlawful sale does not justify a conviction under an information charging that respondent kept a drug store for the unlawful sale of liquor.

As these views lead to no modification of the judgment of reversal heretofore entered, no new order will be made.

MOORE, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.