## DONOVAN *v.* THE STATE.

[No. 21,121. Filed February 26, 1908.]

1. INDICTMENT AND INFORMATION.—*Intoxicating Liquors.—Statutes.* —An affidavit, filed on March 12, 1907, charging that defendant, on February 13, 1907, unlawfully kept a place where intoxicating liquors were sold, states an offense under §8337 Burns 1908, Acts 1907, p. 27, §1, and not under §8351 Burns 1908, Acts 1907, p. 689, §1, both statutes forbidding any person to retail liquor without a license. p. 125.

2. SAME.—*Sales of Intoxicating Liquors.—Place of.*—An affidavit charging that defendant "at and in the county of Delaware and State of Indiana, did then and there unlawfully keep, run and operate a place where intoxicating liquors were sold," sufficiently locates the "place" of such unlawful sales, there being nothing in the act (§8337 Burns 1908, Acts 1907, p. 27, §1) requiring such "place" to be enclosed, blinded or secret. p. 126.

3. SAME.—*Following Language of Statute.*—An indictment following the language of the statute is sufficient, unless such language shows that acts therein mentioned were not intended to be made criminal, or where the act shows an evident intention that recourse should be had to the common law for a complete definition of the offense defined. p. 127.

4. INDICTMENT AND INFORMATION.—*Intoxicating Liquors.—Sales.*— An indictment for the keeping of a place where intoxicating liquors are unlawfully sold, which follows the language of the statute (§8337 Burns 1908, Acts 1907, p. 27, §1) is sufficient. p. 127.

5. SAME.—*Intoxicating Liquors.—Sales.—Persons.*—An indictment for keeping a place for the unlawful sale of liquors, under §8337 Burns 1908, Acts 1907, p. 27, §1, does not require that the specific sales shall be alleged nor that the names of the vendees shall be set out. p. 128.

6. EVIDENCE.—*Sales of Liquor.*—In a prosecution for keeping a place for the unlawful sale of liquor, under §8337 Burns 1908, Acts 1907, p. 27, §1, evidence of all kinds of unlawful sales is admissible. p. 129.

7. INDICTMENT AND INFORMATION.—*Intoxicating Liquors.—Keeping Unlawful Place for Sale of.*—An indictment under §8337 Burns 1908, Acts 1907, p. 27, §1, for the keeping of a place for the unlawful sale of liquors, does not need to show that defendant sold such liquors while he was the owner or proprietor of the place, nor is it necessary to charge the kind of liquors sold. p. 129.

8. SAME.—*Specifying the Statute Violated.*—In an indictment, it is not necessary to name the particular law which is violated, such fact being determined from the facts alleged. p. 129.

9. CONSTITUTIONAL LAW.—*Titles.—Subject.—Intoxicating Liquors.* —The title of the act of 1907 (Acts 1907, p. 27) purporting "to regulate and license the sale of" liquors is sufficient to embrace a section of such statute prohibiting the keeping of a place where liquors are unlawfully sold, and therefore, does not violate §19, Art. 4, of the Constitution, providing that the subject-matter of an act shall be expressed in the title thereof. pp. 129, 130.

10. SAME.—*Subject Not Expressed in Title.—Effect.*—Only that part of a statute whose subject is not expressed in the title of the act, is void, under §19, Art. 4, of the Constitution, providing that the subject of an act shall be expressed in the title thereto. p. 130.

11. STATUTES.—*Reënactment After Judicial Construction.*—An act reënacting a statute which has been judicially construed, is impressed with the construction given to such statute.

12. APPEAL.—*Bills of Exceptions.—Instructions.—Criminal Cases.*— Instructions given or refused, and the exceptions thereto, in criminal cases, can be brought into the record on appeal only by a bill of exceptions, properly signed and filed, within the time allowed, and the filing thereof properly shown by the record. p. 132.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Prosecution by the State of Indiana against Nick Dono-

van.    From a judgment of conviction, he appeals.    *Affirmed.*

*Walter Gray, Clarence W. Dearth, R. S. Gregory* and *Walter J. Lotz,* for appellant.

*James Bingham,* Attorney-General, *E. M. White, A. G. Cavins, H. M. Dowling, William H. Thompson* and *William A. Thompson,* for the State.

MONKS, C. J.—Appellant was prosecuted and convicted under that part of section one of the act approved February 13, 1907 (Acts 1907, p. 27, §8337 Burns 1908), which reads as follows: "And any person who shall keep, run or operate a place where intoxicating liquors are sold, bartered or given away in violation of the laws of the State  *  *  *  shall be deemed guilty of a misdemeanor and upon conviction shall be fined in any sum not less than $50 nor more than $500, to which the court or jury trying the case shall add imprisonment in the county jail of not less than thirty days nor more than six months: Provided, that none of the provisions of this act shall apply to any person, firm or corporation engaged as a wholesale dealer who does not sell in less quantities than five gallons at a time: Provided, further, that a wholesale dealer, as used in this act, shall be construed to mean a person, firm or corporation whose sole business in connection with the liquor traffic is to sell at wholesale to retail dealers licensed by the laws of the State, or to wholesale liquor dealers or to druggists or pharmacists who are licensed as such by the state board of pharmacy."

As the affidavit in this case was made and filed in the court below on March 12, 1907, and charges the offense to have been committed on February 13, 1907—after the taking effect of said act of 1907—it is governed by that act and not by the act of March 16, 1907 (Acts 1907, p. 689, §8351 *et seq.* Burns 1908), which took effect March 16, 1907.

The errors assigned call in question the sufficiency of the affidavit and the action of the court in overruling the motion for a new trial.

Appellant insists that the affidavit was insufficient because "(1) The 'place' is of the essence of the offense and should be an enclosure or blinded, and the affidavit should, but does not, specifically describe and locate such a place; (2) there is no person named to whom any sale was made; (3) it is not alleged that such intoxicating liquors were sold by appellant while he was owner or proprietor of said place; (4) there is no allegation that the liquors sold were of the character contemplated by the act in controversy; (5) it is not alleged what particular laws such liquors were sold in violation of." The affidavit avers that "Nick Donovan * * * at and in the county of Delaware and State of Indiana, did then and there unlawfully keep, run and operate a place where intoxicating liquors were sold," etc.

There is nothing in said act requiring the "place" be "enclosed" or "blinded," or that keeping, operating or running the same, or the sale of intoxicating liquors thereat, must be secret to make such acts a violation of said act, and we know of no rule of statutory construction that would sustain such interpretation. Said act does not make any particular locality or place an ingredient of the offense, nor can any judgment rendered upon a conviction have reference to any particular place or locality. In this respect said act is like §2193 Burns 1901, §2097 R. S. 1881, which took effect September 19, 1881, and reads as follows: "Whoever keeps a place where intoxicating liquors are sold, bartered, given away, or suffered to be drunk in a disorderly manner, to the annoyance or injury of any part of the citizens of this State, shall be fined, for every day the same is so kept, not more than $100 nor less than $10." In *Skinner* v. *State* (1889), 120 Ind. 127, in response to a contention that it was not sufficient in charging

an offense under §2193, *supra,* to follow the language of the statute, this court said on page 129: "The general rule is, that an indictment describing the offense in the language used by the statute in defining it is sufficient. *State* v. *Bougher* [1833], 3 Blackf. *307; *Pelts* v. *State* [1832], 3 Blackf. *28; *Marble* v. *State* [1859], 13 Ind. 362; *Malone* v. *State* [1860], 14 Ind. 219; *Stuckmyer* v. *State* [1867], 29 Ind. 20; *Shinn* v. *State* [1879], 68 Ind. 423; *State* v. *Allisbach* [1879], 69 Ind. 50; *Howard* v. *State* [1882], 87 Ind. 68; *Toops* v. *State* [1883], 92 Ind. 13; *State* v. *Miller* [1884], 98 Ind. 70; *State* v. *Berdetta* [1880], 73 Ind. 185, 38 Am. Rep. 117. Some of the exceptions are where the statute creating the offense charged contains language which embraces acts evidently not intended to be made criminal, and cases where it was the evident intention of the legislature that reference should be had to the common law for a complete definition of the offense declared by the statute. *Schmidt* v. *State* [1881], 78 Ind. 41; Moore, Crim. Law, §171; *Anderson* v. *State* [1836], 7 Ohio 607; *Mains* v. *State* [1873], 42 Ind. 327. * * * The statute under consideration does, in our opinion, create and fully define the offense for which the appellant was prosecuted. It declares that whoever keeps a place where intoxicating liquors are sold, bartered, given away, or suffered to be drunk in a disorderly manner, to the annoyance or injury of any part of the citizens of this State, shall be fined, etc. In such case we think it sufficient, in charging the violation of such statute, to follow the language of the legislature in defining the offense."

In *State* v. *Hoard* (1890), 123 Ind. 34, this court held that an indictment which charges a violation of §2193, *supra,* in the language of the statute was sufficient. The part of each count in the indictment in that case describing the "place" was as follows: "That Myron Hoard, * * * at the county of Steuben, in the State of Indiana, * * *

did then and there unlawfully keep a certain place where intoxicating liquors were sold,'' etc. These cases rule this case as to the description of the "place," and upon their authority we hold that it was sufficient to describe the place under section one of said act of 1907 (Acts 1907, p. 27, §8337 Burns 1908) in the language of the statute. See, also, *Howard* v. *State* (1855), 6 Ind. 444; *Shilling* v. *State* (1854), 5 Ind. 443; *Ritter* v. *State* (1887), 111 Ind. 324, and cases cited; *Trout* v. *State* (1887), 111 Ind. 499; *State* v. *Beach* (1897), 147 Ind. 74, 77, 78, 36 L. R. A. 179; *Keith* v. *State* (1883), 90 Ind. 89; *Winlock* v. *State* (1890), 121 Ind. 531; *State* v. *New* (1905), 165 Ind. 571, and cases cited; *Betts* v. *State* (1884), 93 Ind. 375; *Johnson* v. *State* (1895), 13 Ind. App. 299; Gillett, Crim. Law (2d ed.), §130, p. 132, §589, and note 6, §709; 1 Bishop, Crim. Proc. (4th ed.), §372; 2 Bishop, Crim. Proc. (4th ed.), §111; 1 Chitty, Crim. Law (4th Am. ed.), *39-*41; 23 Cyc. Law and Proc., 240-244; *State* v. *Waltz* (1888), 74 Iowa 610, 38 N. W. 494, and cases cited; *State* v. *Dixon* (1898), 104 Iowa 741, 74 N. W. 692.

It is not necessary under the part of §8337, *supra*, involved in this case before set out to allege specific sales of intoxicating liquor, or name the person or persons to whom intoxicating liquors were sold in violation of the laws of the State. *Huber* v. *State* (1865), 25 Ind. 175; *Farrell* v. *State* (1871), 38 Ind. 136, 137; *State* v. *Bougher, supra; Shilling* v. *State, supra; State* v. *New, supra,* and cases cited; *Anderson* v. *Van Buren Circuit Judge* (1902), 130 Mich. 697, 90 N. W. 692; *State* v. *Dorr* (1889), 82 Me. 157, 19 Atl. 157; *State* v. *Lang* (1874), 63 Me. 215, 219, 220; 23 Cyc. 240-244; Black, Intoxicating Liquors, §§484-486. In *Anderson* v. *Van Buren Circuit Judge, supra,* the court said on page 701: "It is competent to charge this offense in the manner adopted. It is in the language of the statute, and apprises the defendant that he is charged with a continuing act of keeping a place for the

unlawful sales of liquor. All kinds of unlawful sales
6. are admissible in support of the charge, and it is not
necessary to set forth specific sales. In this respect
it is different from an information charging one with making a sale in violation of law. In such case it has been usual and necessary to state to whom the sale was made, and, if all sales were not unlawful, to show that it was unlawful by stating wherein it was so.''

Neither was it necessary to allege that ''such intoxicating liquors were sold by appellant while he was the owner or proprietor of said place.'' The allegation is that he
7. ''did then and there unlawfully keep, run and operate a place where intoxicating liquors were sold,'' etc., and facts were averred which show that the sales of intoxicating liquors made at said place were in violation of section one of the act of 1907, *supra*. This was a sufficient description of the character of the liquors sold. It is not necessary to mention the particular kind of intoxicating liquor. *Josephdaffer* v. *State* (1869), 32 Ind. 402; Gillett, Crim. Law (2d ed.), §591.

It is not necessary to name the particular law vio-
8. lated; that is determined from the facts alleged in the indictment or affidavit.

It is claimed by appellee that the act of 1907 (Acts 1907, p. 27, §8337 *et seq.* Burns 1908), which purports to amend section twelve of an act approved March 17, 1875
9. (§7285 Burns 1901, §5320 R. S. 1881), and to enact a number of sections as supplemental to said act of 1875, is in violation of §19, article 4, of the Constitution of this State, for the reason that the title of said act of 1875 is not ''broad enough to embrace the matters and things provided in said act of 1907.'' Said section of the Constitution reads as follows: ''Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be

embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

It will be observed that under said section of the 10. Constitution it is only the subject embraced in an act which is not expressed in the title that is void.

This prosecution is under section one of the act of 1907, *supra,* which purports to amend section twelve of the act of 1875. It is not necessary, therefore, for us in this 9. case to determine as to the constitutionality of sections two to fourteen, inclusive, of said act of 1907 which purport to be supplemental to said act. of 1875, for the reason that, even if the subject of said sections or any of them is not expressed in the title of said act, this would not affect the validity of said section one if the subject thereof is expressed in the title of said act. The title of said act of 1907 which set out the title of said act of 1875 is as follows:

"An act to amend section twelve of an act entitled 'An act to regulate and license the sale of spirituous, vinous and malt and other intoxicating liquors; to limit the license fees to be charged by cities and towns; prescribing penalties for intoxication and providing for the recovery of damages for injuries growing out of unlawful sales of intoxicating liquors; to repeal all former laws regulating the sale of intoxicating liquors and all laws and parts of laws coming in conflict with the provisions of this act; prescribing penalties for the violation thereof, and declaring an emergency,' approved March 17, 1875, the same being §7285 Burns 1901, and adding supplemental sections thereto."

It is evident from a reading of section one of the act of 1907, *supra,* that the subject "embraced" therein is fully expressed in the title of said act, and the same is not therefore in violation of said section of the Constitution.

Appellant next insists that the court erred in overruling his motion for a new trial. All the errors assigned as causes for a new trial, and urged as grounds for reversal in

this court, depend for their determination upon certain instructions given and refused by the court, and upon the evidence. The Attorney-General insists that none of said questions can be determined by this court, because neither the evidence nor the instructions have been brought into the record by a bill of exceptions. Citing *Smith* v. *State* (1900), 154 Ind. 107; *Utterback* v. *State* (1899), 153 Ind. 545, 549; *Miller* v. *State* (1905), 165 Ind. 566, 568, and cases cited; *Stilwell* v. *State* (1900), 155 Ind. 552; *Bealer* v. *State* (1898), 150 Ind. 390; *Harris* v. *State* (1900), 155 Ind. 15; *Drake* v. *State* (1896), 145 Ind. 210, 217, and cases cited. These cases sustain the contention of the Attorney-General. True, the cases cited were decided under the "act concerning proceedings in criminal cases," approved April 19, 1881 (Acts 1881, p. 114), and in force since April 19, 1881. Section 272 of said act (§1916 Burns 1901, §1847 R. S. 1881), on the subject of bills of exceptions in criminal cases, is substantially the same on this question as §287 of "An act concerning public offenses," approved March 10, 1905, and in force since April 15, 1905 (Acts 1905, pp. 584, 647, §2163 Burns 1908). There is no provision in the act last cited authorizing instructions given and refused, or the exceptions thereto, to be made a part of the record, without a bill of exceptions. It is evident that the proviso in §2165 Burns 1908, being §289 of the act of 1905, *supra*, does not apply to instructions given by the court under the fifth subdivision of §2136 Burns 1908, being §260 of the act of 1905, *supra*, or the instructions asked by the prosecuting attorney, the defendant or his counsel under the sixth subdivision of said section. There is nothing in said act of 1905 requiring or providing that the instructions given by the court or those requested by the parties be filed, while the proviso to §2165, *supra*, includes only such "pleadings, motions, writings, reports or other papers" as are required to be filed in the cause. Moreover, said proviso was taken from an act approved March 9, 1903, being sections two and three of

said act (Acts 1903, p. 338, §§662, 663 Burns 1908), which only applied to proceedings in civil actions and it is evident, therefore, that said sections two and three of said act, which constitute the proviso of §2165, *supra,* did not refer to instructions given or refused, and they could not be made a part of the record under said sections, in civil cases, because that was required to be done in the manner set out in section one of said act of 1903 (Acts 1903, p. 338, §561 Burns 1908). When said sections two and three were reenacted as the proviso of §2165, *supra,* the presumption is that the legislature intended that they should have the same construction as in the act of 1903, *supra,* unless the contrary is clearly shown by the act of 1905, *supra,* of which §2165, *supra,* is a part.

We hold, therefore, that, under §287 of the act of 1905, *supra* (Acts 1905, pp. 584, 647, §2163 Burns 1908) and in force since April 15, 1905, that instructions given and refused by the court and the exceptions to the giving and refusing to give the same can only be made a part of the record in criminal cases by a bill of exceptions which must be presented, within the time allowed by law or the order of the court, for the signature and approval of the judge, after which it must be filed with the clerk. And unless the bill of exceptions is signed by the judge and afterwards filed with the clerk, and this fact is affirmatively shown by the record, it forms no part of the record and cannot be considered. This rule applies to all bills of exceptions. In this case there is no bill of exceptions containing the instructions given and refused, or any part of them, or any exceptions concerning the same, set forth in the record. The record contains what purports to be a bill of exceptions containing the evidence, but as it is not affirmatively shown by the record that it was filed with the clerk as required by §2163, *supra,* it is not a part of the record and cannot be considered. *Drake* v. *State* (1896), 145 Ind. 210, 217; *Board, etc.,* v. *Huffman* (1892), 134

Ind. 1, 7, 8; *Merrill* v. *State* (1901), 156 Ind. 99, 103, 104; *Harris* v. *State, supra.* It follows that the Attorney-General's contention that no question is presented by the motion for a new trial must be sustained.

Finding no error in the record, the judgment is affirmed.