### PEOPLE *v.* ARENDSMA.

Intoxicating Liquors—Unlawfully Keeping a Place for Sale of Liquor—Single Sale a Violation.

> In a prosecution for violation of the prohibition law by keeping a place where intoxicating liquors were possessed, sold, etc., evidence of a single sale was sufficient to carry the case to the jury, in view of the fact that section 45, Act No. 338, Pub. Acts 1917, as amended, provides that proof of a single sale shall be *prima facie* evidence of a violation of the act.

Exceptions before judgment from Ottawa; Cross (Orien S.), J. Submitted April 17, 1923. (Docket No. 135.) Decided July 19, 1923.

Maggie Arendsma was convicted of violating the liquor law. Affirmed.

On question of conviction of keeping a common liquor nuisance upon proof of a single sale, see note in L. R. A. 1917F, 1110.

*Robinson & Den Herder,* for appellant.

*Fred T. Miles,* Prosecuting Attorney, for the people.

BIRD, J.    An information was filed in the Ottawa circuit court charging defendant with having violated the prohibition liquor law in that she (*a*) kept a place in the city of Holland where intoxicating liquors were sold, etc., and (*b*) that she sold a certain quantity of intoxicating liquor to one Jack Knoll.    At the trial the prosecutor made proof of a sale to Jack Knoll at her dwelling house, and further showed that by virtue of a search warrant the officers found and seized a certain quantity of intoxicating liquors in her dwelling house on the same day it is claimed the sale was made. When the proofs were concluded defendant's counsel moved for an order compelling the prosecutor to elect between counts (*a*) and (*b*).    The order was granted and the prosecutor elected to stand on count (*a*), and the question whether defendant was guilty of keeping a place where intoxicating liquors were sold, given away, etc., went to the jury and they found her guilty.

The question raised is whether there was sufficient proof to sustain the verdict.    Defendant's counsel requested the trial court to instruct the jury, in substance, that the proof of one sale by defendant was insufficient to establish the charge against her, but the request was denied.    The prosecutor answers this contention by pointing to section 45 of Act No. 338, Pub. Acts 1917, as amended (Comp. Laws Supp. 1922, § 7079 [45]).    That section reads:

"Proof of a single sale of any one or more of the liquors mentioned in this act, except as hereinbefore permitted, or of the payment by any person, except a wholesale or retail druggist, manufacturing pharmacist or manufacturing chemist, holding a permit under this act, of the United States revenue tax, permitting

the manufacture or sale, at wholesale or retail, of any of the liquors mentioned in this act, at the time and place alleged in the complaint or information, shall be *prima facie* evidence of a violation of this act."

But counsel argue that this section was in the local option law, and while it was in force this court decided that proof of one sale was not sufficient to make a *prima facie* case of keeping a place where intoxicating liquors were possessed, sold, furnished, etc. The cases referred to are *Maynard* v. *Eaton Circuit Judge*, 108 Mich. 201; *Anderson* v. *Van Buren Circuit Judge*, 130 Mich. 701; *People* v. *Remus*, 135 Mich. 629.

The information in these cases were all filed against druggists who were authorized to make sales in compliance with law, and my associates are of the opinion that they do not apply to the present case. In such a case as the present one we think it was the intention of the legislature to make proof of a single sale *prima facie* evidence of a violation of the provisions of the act. There was evidence that defendant made a sale of intoxicating liquor to one Jack Knoll. This was sufficient to carry to the jury the question whether defendant was guilty of keeping a place where intoxicating liquor was possessed, sold, manufactured, furnished or given away.

We think this is the only meritorious question raised. The judgment of the trial court is affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.