PEOPLE v. COULLARD.

1. INDICTMENT AND INFORMATION — INTOXICATING LIQUORS—OMISSION OF STREET NUMBER NOT FATAL—SHOWING OF JURISDICTION SUFFICIENT—VENUE.

An information alleging the city and county where a place for the illegal sale of intoxicating liquors was maintained, which showed that the alleged offense was com-

¹Intoxicating Liquors, 33 C. J. § 430.

mitted within the jurisdiction of the court, was sufficient to sustain a conviction, although it omitted specific allegation as to the street number, which was contained in the original complaint.

2. INTOXICATING LIQUORS—KEEPING PLACE FOR SALE OF INTOXICATING LIQUORS—EVIDENCE OF SINGLE SALE SUFFICIENT.

In a prosecution for keeping a place where intoxicating liquors were illegally furnished and sold, the trial court properly refused to instruct the jury that evidence of a single sale was not sufficient to justify a conviction, in view of Act No. 338, Pub. Acts 1917, § 45, and Act No. 53, Pub. Acts 1919, § 35 (Comp. Laws Supp. 1922, § 7079 [45, 35]).

Exceptions before judgment from Chippewa; Fead (Louis H.), J.   Submitted April 15, 1927.   (Docket No. 151.)   Decided June 6, 1927.

Joe Coullard was convicted of violating the liquor law.   Affirmed.

*McDonald & Kaltz,* for appellant.

*William W. Potter,* Attorney General, *William J. Galbraith,* Assistant Attorney General, and *Herbert L. Parsille,* Prosecuting Attorney, for the people.

FELLOWS, J.   Defendant was convicted of keeping a place where intoxicating liquors were furnished and sold as a beverage in violation of the prohibition law. In the complaint and warrant the place was designated as 610 Eureka street in the city of Sault Ste. Marie, Chippewa county, Michigan, while in the information the place was alleged to be in the city and county just named but omitted the specific allegation as to the street number.   At the close of the proofs the defendant asked for a directed verdict because the proofs did not establish that the offense had been committed at 610 Eureka street.   The proofs tended to show

²Intoxicating Liquors, 33 C. J. § 203; 15 R. C. L. 338; 3 R. C. L. Supp. 446.

several sales of whisky on the evening in question to one Smith at defendant's place on Eureka street, in the city of Sault Ste. Marie, in Chippewa county, but the witnesses were unable to state the number. This court in numerous cases has held that the proof must establish that the offense was committed within the jurisdiction of the court. This was established in the instant case. Counsel ask us to go further and hold that the proof must fix a particular street number, especially where a street number is alleged in the original complaint. No authority is cited which goes so far as counsel contend, and we do not think such particularity is required in this offense. By analogy authorities dealing with indictments and information are applicable. In 33 C. J. p. 716, it is said:

"Except when otherwise provided by statute, an indictment for a violation of the liquor laws should contain an allegation of the place where the offense is charged to have been committed, so as to show that it is within the jurisdiction of the court, and also for the purpose of informing accused of the particular transaction for which he is prosecuted. It is sufficient, however, to name the county as the place of the violation of the law, without the necessity of specifying any city, town, or other place in the county, unless the prosecution is brought under a local-option law or other statute which may be in force in certain parts of the county and not in others."

This rule has been followed in this State. *People* v. *Ringsted*, 90 Mich. 371; *People* v. *Aldrich*, 104 Mich. 455.

Counsel rely on certain cases dealing with common nuisances. Where it is sought to abate the operation of a place as a liquor nuisance it is doubtless true that good pleading requires a specific description of the premises in order that the officer may be specifically directed. But the same authority above quoted from on the following page deals with this question and says:

"Where an indictment is for keeping a place for the unlawful sale of liquor, or maintaining a liquor nuisance or a similar offense, if such place is to be abated as a nuisance, it must be described with great exactness and particularity, in order that the officer executing the judgment of abatement may be both guided and protected, but where the prosecution is against the person only, and the only question presented is the personal guilt of defendant, a particular description of such place is unnecessary."

By a parity of reasoning we think the people have made a case for the jury under this statute when it has introduced testimony tending to establish the commission of the offense within the jurisdiction of the court.

Defendant's counsel asked the court to charge the jury that evidence of a single sale was not sufficient to justify a conviction.   This request was refused and properly so.    Act No. 338, Pub. Acts 1917, § 45 (Comp. Laws Supp. 1922, § 7079 [45]) ; Act No. 53, Pub. Acts 1919, § 35 (Comp. Laws Supp. 1922, § 7079 [35]) ; *People* v. *Fons,* 223 Mich. 603; *People* v. *Arendsma,* 223 Mich. 610.

Defendant's exceptions are overruled, and the case remanded for judgment.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred.