ADAMS v. CHAMPION.

## Benjamin K. Adams and another v. James D. Champion and another.

*Trial by the court: Findings of fact: Special verdict: Partial findings: Judgment.* Where a cause is tried by the court without a jury, and the facts are found specially, the proceeding is analogous to that for a special verdict of a jury, and these findings of fact by the court are, in their form, when properly constructed, and in their nature and operation, substantially a special verdict; and where a part of the facts necessary to support the judgment are found in answer to specific requests, but as to certain facts essential to the judgment, and required to be found, there is no finding, the judgment cannot be sustained.

*Trial by the court: Case made: Answers to specific questions of fact: Findings of fact: Practice.* Upon a record in the general form of a case made after judgment, on a trial by the court without a jury, which contains only the pleadings and evidence, and the answers of the circuit judge to such special requests as were propounded by the respective parties, and the general judgment, without any general finding of facts, these answers of the judge must be considered as decisions upon the specific matters of fact covered by the particular questions; but this mode of finding facts is unauthorized and irregular, and the practice is criticised.

*Record: Partial finding of facts: Mistrial: Review.* Where, upon a record thus made up, these specific requests and answers cover only part of the facts proved by the evidence, and upon a portion of the facts essential to the judgment there is no finding, the case is not in a shape for review but will be sent back to be retried, the prior proceedings being treated as a mistrial.

*Replevin: Judgment: Return of property: Value: Election: Record.* In an action of replevin it is essential to a judgment for the defendant for the value of the property, that the record should affirmatively and distinctly show the election to take the value instead of a return of the property; the statute does not intend that a matter of such importance should be left to inference.

*Mistrial: Setting aside judgment: Costs.* The judgment in this case having been set aside on the ground of a mistrial, no costs are awarded to either party.

*Heard January 22.     Decided January 26.*

Case made from Newaygo Circuit.

*Thompson, Reeves & Pratt* and *D. Darwin Hughes,* for plaintiffs.

*J. A. Fairfield, W. L. Stoughton* and *L. D. Norris,* for defendants.

GRAVES, CH. J.

Since the hearing we have considered whether we can safely and properly attempt a revision of the proceedings in

this case upon the incongruous and irregular record now before us, and our conclusion is that we cannot, and that the case must go back for a retrial.

The action was replevin for a portable saw-mill, and it was heard by the court without a jury. A general judgment for the value of the property was given in favor of the defendants. Several questions were raised below in regard to evidence, and questions are made here upon the effect and propriety of findings of fact, and the validity of legal conclusions.

The record is called, and seems to have been meant for, a case made after judgment, but it would be very difficult to give it a precise definition. We find brought together the pleadings, a mass of evidence, documentary and verbal, and on the part of the plaintiffs thirty-nine, and on the part of the defendants sixteen such special questions as they chose to submit to the judge, together with his answers thereto, and succeeding this matter the general judgment for the defendant is set out. No regular general finding of the facts in the case appears. We are compelled, however, to look at these answers of the judge, to the particular questions submitted to him, as decisions upon the specific matters of fact covered by the questions. In doing so we must not be understood as giving any sanction whatever to such mode of finding facts under our statute. It is not the authorized and regular way. But the matter is in the record, and it thence appears that the judge has actually found some facts, has really ascertained and set forth a part of the facts proved by the evidence.

We have, then, a general judgment and a finding of part of the facts. We have not the facts on which the judgment was given, because a portion are not embraced by the record. These findings by the court are, under our statute, in their form, if properly constructed, and in their nature and operation, substantially a special verdict. And in the one case as in the other, all the material facts established should appear in the finding, and in a shape to enable the court to

award the judgment required by the law to be given in the case. The finding here is incomplete and imperfect, and this court has no power to supply the finding. The difficulty is apparent. It appears affirmatively on the face of the record. It is not a case in which a special finding has been omitted entirely, and where there would be room for presuming the judge to have found all the facts necessary to support the judgment. But it is a case where findings were required, and a partial and imperfect finding made. The incongruity would strike any mind if the same course had been taken by a jury in giving a special verdict; and yet, when the court sits upon the facts and has to find specially, the proceeding is analogous. The trial has miscarried.

We notice a peculiarity in the judgment. It gives the defendants the value of the property replevied, being four thousand five hundred dollars. If they were entitled to judgment for the value, they were entitled to judgment for return, and the latter was the *necessary* judgment, unless they chose to take judgment for the value *instead* of one for return. And we have held, that to justify the elective judgment in such cases, there should be some *statement* in the record to show distinctly the election; that the law giving an option to take one or the other, the option should distinctly appear as a warrant for the particular judgment given.—§§ *6757, 6758, 6759, C. L.; Wheeler v. Wilkins, 19 Mich., 78.*

This record contains no special statement of any election by defendants to exact the value of the property in lieu of a return.

That there was such an election, is left to inference, and we are inclined to think that the statute did not mean that a matter of such importance should be left to be gathered by reasoning. We regret our inability to pass upon the questions brought to our attention, but we are satisfied that we cannot do so on the present record. Another trial must be had, and the parties will have opportunity to make

such points as are deemed material, and frame a record in such shape as to enable the court to examine them.

The judgment must be set aside, and another trial ordered, but without costs by either party against the other.

CAMPBELL, and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.