CHARLES E. GARDNER AND MARY J. MORSE v. MARCENA THAYER.

*Homestead—Special finding.*

Ejectment for eighty acres of land was brought by heirs of an insane person against the purchasers at a guardian's sale on the ground that the premises included a homestead. The court made a special finding that at the time the owner became insane he was occupying the premises with his family, and that the home was partly situated on the north forty and part on land not mentioned in the declaration. *Held* that as the finding did not show that a homestead existed at the time of the guardian's sale, or enable it to be identified, the action could not be sustained.

Error to Cass. (A. J. Smith, J.) Jan. 12.—Feb. 27.

EJECTMENT. Plaintiffs bring error. Affirmed.

*O. W. Coolidge* and *M. Howell* for appellants.

*Harsen D. Smith* for appellee.

MARSTON, J. Plaintiffs brought ejectment to recover the N. ½ of E. ½ of S. W. ¼; the S. ½ of E. ½ of S. W. ¼, and the undivided ⅛ of S. ½ of E. ½ of S. W. ¼ of section 32, T. 7 S., R. 15 W.

The cause was tried and a finding of facts made by the court. The material question upon this record is whether the premises, or any part thereof, were the homestead of George F. Gardner during his life-time.

The court found as facts, that previous to the year 1857 George F. Gardner became the owner in fee of the premises described in the plaintiffs' declaration; that at the time Gardner became insane in August, 1857, he was occupying

the premises with his family, his wife and two minor children, the latter the plaintiffs in this case; that there was about sixty acres cleared on the eighty; "that the home occupied by the family was partly situated on the north forty and part on land not mentioned in the declaration, formerly owned by Gardner."

Under this finding it is utterly impossible to ascertain any particular forty acres of land constituting a homestead. These lands were sold in January, 1858, at a guardian's sale and the defendant claims title thereto thereunder. The claim made is that the homestead could not be sold in this way, upon the petition of the guardian of the insane person, unless the wife of Gardner joined in the conveyance.

The court not having found a homestead existing at that time, nor facts from which any particular part of the premises in dispute can be designated as constituting the homestead of Gardner, the plaintiffs in this case must fail and we need not pass upon the other questions raised in the case.

The judgment must be affirmed with costs.

GRAVES, C. J. and COOLEY, J. concurred.