## THE PEOPLE v. BURWELL HINCHMAN.

75 587
84 508
75 587
d153 ¹470
j153 ¹471

*Criminal law—Sale of liquor by a druggist—Information—Evidence—Deposition taken on preliminary examination.*

1. An information charging a druggist with the sale of liquor "*as a beverage*" is equivalent to charging that the liquor was sold "*to to be used as a beverage.*"

2. In a prosecution for the illegal sale of liquor, testimony that the party to whom the sale was made was seen on the same day and after such sale with a bottle containing whisky, which he said he obtained of the respondent, is irrelevant to the issue.

3. The deposition of a respondent taken on his preliminary examination, and not claimed *not* to contain *all* of his testimony, is the *best* evidence of what he testified to, and, if in court, is the *only* admissible evidence of that fact.

4. A druggist, acting in good faith in the sale of liquors, has a right to rely explicitly upon the statement made by the purchaser as to the *purpose* for which the liquor is to be applied, unless circumstances or facts known to him show such statement to be false, and are sufficient to satisfy such druggist, acting in good faith and in an honest endeavor to obey the law, that the purpose is not such as stated by the purchaser. The law does not require him to enter into an extended investigation, nor to refuse to sell to a stranger without investigation and proof of the truth of his assertion of such purpose.

Exceptions before judgment from Berrien. (O'Hara, J.) Argued June 20, 1889. Decided June 28, 1889.

Information for the illegal sale of liquor by a druggist. Conviction set aside and new trial granted. The facts are stated in the opinion.

*Theo. G. Beaver* and *J. J. Van Riper,* for respondent.

*S. V. R. Trowbridge,* Attorney General, and *George W. Bridgman,* prosecuting attorney, for the People.

CHAMPLIN, J. The information charged Hinchman as follows:

"That heretofore, to wit, on the seventeenth day of August, in the year one thousand eight hundred and eighty-seven, at the township of Chickaming, in said Berrien county, did sell, furnish, and deliver to one Walter Berger certain spirituous liquors, to wit, one half pint of whisky, as a beverage, he, the said Burwell Hinchman, being then and there a person whose business consisted in part of the sale of drugs and medicines, and said liquors not being then and there sold for medicinal, mechanical, or sacramental purposes, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

The counsel for respondent moved to quash the information because it did not set forth any offense mentioned in section 13 of Act No. 259, Laws of 1881, or the amendments thereto, in that it does not show or allege that the said liquors were sold by said Hinchman to be used as a beverage.

The statute prohibits druggists from selling any fermented or spirituous liquor to any person "to be used as a beverage;" and the contention of the counsel for respondent is that, because the words "to be used" are omitted in the information, it fails to charge the offense prohibited; that these words form part of the description of the offense contained in the statute. The question, therefore, is whether the same meaning is conveyed by the charge that Hinchman sold to Berger one half pint of whisky as a beverage that would be conveyed by the charge that Hinchman sold Berger one half pint of whisky to be used as a beverage.

Worcester defines "beverage" as follows: "(1) Liquor to be drank; drink." Webster defines the word as "(1) Liquor for drinking."

If, therefore, Hinchman sold the whisky to Berger as a beverage, he sold it to him to be drank; that is, to be used as a drink. The expression in the information implies the same thing as the language used in the statute, and covers the statutory offense.

Upon the trial in the circuit court, witnesses were permit-

ted to testify, against objection by counsel for respondent, that they saw Berger the same day after he claims to have procured the liquor from Hinchman, and that he then had a pint bottle with whisky in it, and said he got it of Hinchman. This testimony was irrelevant to the issue, and very prejudicial to the respondent. It did not tend to prove that Hinchman sold the liquor to Berger, and should have been excluded.

The prosecution was also permitted to prove by the complaining witness what Hinchman had sworn to in his examination before the justice who held him for trial at the circuit. Hinchman's examination was taken on oath before the justice, and reduced to writing, and was filed, and was then present in court. The court admitted the testimony of the complaining witness as to what Hinchman testified to as an admission made by him in the case.

This was error. There was no claim made that the written deposition did not contain all the testimony given by defendant on the examination. The written deposition was the best evidence of what Hinchman testified to, and, when it appeared that it was present in court, it was the only admissible evidence of that fact. And it did not cure the error for the prosecutor to say that it was present, and he could read from the deposition if counsel desired. It was sufficient for the counsel to object to the introduction of the improper testimony, and he was not obliged to express his desire to have the deposition read.

The statutory offense consists, in the case of a druggist, in selling the liquors nominated in the statute to be used as a beverage. A druggist has a right to sell for certain purposes. The statute under which the sale was made provided as follows:

"Every such dealer in drugs and medicines shall procure and keep a suitable blank book, in which shall be recorded by said druggist, his clerk or employé, the names of all persons applying for such liquor for any of these lawful purposes, the date of each sale, the amount and kind of liquor sold to

each person, and the purpose to which the same was to be applied, as stated by the purchaser."

If the druggist acts in good faith in making the sale, he has a right to rely upon the statement made by the purchaser as to the purpose to which the liquor is to be applied; and he has a right to rely upon such statement explicitly, unless circumstances or facts known to the druggist show such statement to be false, and are sufficient to satisfy him, acting in good faith and in an honest endeavor to obey the law, that the purpose is not such as is stated by the purchaser. The law does not require him to enter into an extended investigation, nor to refuse to sell to a stranger without investigation and proof of the truth of the assertion of the purpose by the purchaser. We think the circuit judge placed the respondent under restrictions not required by the law in this respect, and went very much further than the law or the facts of the case authorized or justified.

The portion of the charge referred to is in the following language:

"The law provides that druggists may sell liquors to be used for medicinal, sacramental, or mechanical purposes, but that they shall keep a blank book in which shall be recorded, at the time of the sale, the name of purchaser, the date of sale, the amount and kind of liquor sold, and the purpose to which such liquor was to be applied, as stated by the purchaser; but, gentlemen, the law very wisely provides (and to not so provide would make it a law of which we might well be ashamed) that the purchaser must not only state for what purpose he wants the liquor, but that the druggist must believe that it is intended for such purpose, and he must be led to such belief by reasons that are fair, and such as would lead any ordinary, prudent man to believe the same thing.

"To sell to every man, simply because he represents that it is intended for medicinal, sacramental, or mechanical purposes, is not enough, but you must consider the conversation had, the appearance of the purchaser, and the conduct of both purchaser and druggist at the time of sale.

"It is proper to consider from the testimony whether the appearance of the purchaser was such as to lead the druggist

to believe that he spoke the truth, whether the defendant druggist was well acquainted or not, whether he did all that a prudent man and one anxious to obey the law would have done; and in this connection I charge you that, if a man who is well known to the druggist as one of truth and veracity should represent to him that he wanted liquor for a lawful purpose, the druggist would be justified in selling to him without further questioning him, if the druggist, by reason of the well-known character of such purchaser, had no reason to disbelieve, and did actually believe, his statement.

"I also charge you that a druggist has a right to sell for such purposes to a stranger, or even to one known to be of not good character, but that, in such case, he must exercise much more caution than in other cases, and from the appearance of such purchaser or purchasers, or from a careful and skillful inquiry of such person,—such an inquiry as a prudent man would naturally make,—be satisfied that such liquor is actually intended to be used for the purpose represented; and if the purchaser be one with whom the druggist is not acquainted,—an entire stranger,—or one with whom he has had but little intercourse, the representations made, the appearance of the purchaser, and his conduct must be respectively strong, and very much in his favor indeed, to warrant a sale of l quor to him.

"The law recognizes that there are medicinal properties in liquor of this kind, and therefore provides for its sale; but it has a right to expect that the greater caution shall be used, and that the drug-store shall not be a curse to the community, as it would be if men were not required to sell at their peril,—unless they exercise the greatest caution in its sale. And—no matter, therefore, to whom it may be sold—gentlemen, if from the quantity ordered, the frequency of purchase, the appearance of the purchaser, or from any other cause, the druggist has the slightest reason to doubt the truth of such representations, if such cause be such as would lead a prudent man engaged in that business to doubt the truth of the statements of such purchaser (it makes no difference how high the standing or how good the character of such purchaser), for a druggist to sell under such circumstances, without satisfying himself that his doubt was groundless, and so satisfying himself, as an honest man would do, to so sell is a violation of the law, and he sells at his peril."

The conviction must be set aside, and a new trial granted.

MORSE, CAMPBELL, and LONG, JJ., concurred.

SHERWOOD, C. J. I do not think there is any error in the charge of the circuit judge; but, upon the other grounds stated in the opinion, I concur in setting aside the verdict.