## THE PEOPLE v. ORRIN CURTIS.

*Criminal law—Liquor traffic—Illegal sale by druggist—Information—Evidence—Preliminary examination.*

1. An information against a druggist for selling liquor to be drank on the premises, in violation of the liquor law of 1887, need not aver that the respondent was not licensed to keep a saloon under other sections of the statute.

2. How. Stat. § 9466, which provides that an examining magistrate shall examine the complainant and the witnesses in support of the prosecution, is directory as to the quantity of testimony to be taken, and means that the justice shall receive such testimony from the complainant and his witnesses as may be offered, and act upon it.

3. An objection to receiving the testimony of the complainant in a criminal case on the trial, on the ground that he was not sworn as a witness before the examining magistrate, is untenable.

4. The fact that a druggist was entrapped by a detective into selling liquor in violation of law will not prevent his conviction, it not appearing that the detective acted under the direction of the public authorities; citing *People v. Murphy,* 93 Mich. 41.

5. The fact that a liveryman sued the prosecuting attorney of a county to recover pay for driving a detective to a neighboring

town, where he entrapped a druggist into selling liquor in violation of law, cannot be shown on the trial of the druggist for said offense, as tending to prove that the prosecuting attorney had a part in the employment of the detective.

Exceptions before judgment from Ingham. (Person, J.) Argued February 1 and 2, 1893. Decided April 7, 1893.

Respondent was convicted of a violation of the provision of the liquor law prohibiting the sale of liquor by druggists to be drank on the premises. Conviction affirmed. The facts are stated in the opinion.

*E. S. Avery* (*Jason E. Nichols,* of counsel), for respondent, contended:

1. The respondent demanded an examination, and that the complaining witness be produced and sworn, and insisted upon his right to cross-examine the witness, which was a right the respondent had, that he might be better prepared for his trial in the circuit court; citing *People v. McKinney,* 10 Mich. 92; *People v. Smith,* 25 Id. 497; *Sneed v. People,* 38 Id. 248; *People v. Chapman,* 62 Id. 280; *People v. Etter,* 81 Id. 570; *People v. Deitz,* 86 Id. 419.

2. The respondent cannot be inveigled into committing the offense, and that, too, with the knowledge and active participation of the prosecuting attorney; citing *Saunders v. People,* 38 Mich. 218; *People v. McCord,* 76 Id. 200; *People v. Pinkerton,* 79 Id. 110.

*A. A. Ellis,* Attorney General, and *Arthur D. Prosser,* Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of a violation of the provision of the liquor law which prohibits sales of liquor by druggists to be drank on the premises. He assigns three grounds of error:

1. That the information was insufficient.

2. That the complaining witness was not sworn on the examination.

3. That the court erred in refusing to charge as requested · by his second request, as follows: "From the evidence in

this case it appears that the man Shoemaker went to the village of Stockbridge for the purpose of getting the respondent to commit the offense charged in this cause, and I charge you that he cannot be inveigled into committing an offense, and I direct you to acquit."

1. The information charges that the respondent,—

"At the village of Stockbridge, in said county, being then and there a druggist and person whose business consists in whole or in part of the sale of drugs and medicines, did then and there sell, furnish, and deliver a quantity of spirituous liquor, called 'brandy,' to wit, three drinks of brandy, to one Clinton D. Shoemaker, to be used as a beverage, which said brandy was then and there drank on the premises of said Orrin Curtis by said Shoemaker, William H. Simpson, and one Ellsworth, contrary to the form of the statute," etc.

This information was sufficient. All the statutory conditions which by 3 How. Stat. § 2283c6, are declared to constitute the offense are set out. It is claimed that the information should show negatively that the respondent was not licensed to keep a saloon under other sections of the statute. The rule of pleading, however, in either civil or criminal cases, does not require this. *Attorney General v. Bank,* Walk. Ch. 90; *Myers v. Carr,* 12 Mich. 63; *Lynch v. People,* 16 Id. 472; *People v. Phippin,* 70 Id. 6; *Com. v. Hart,* 11 Cush. 134. The rule is that in pleading a statute which contains an exception in the enacting clause the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause or subsequent statute, that is matter of defense, and is to be shown by the other party.[1]

2. How. Stat. § 9466, provides that—

"The magistrate before whom any person is brought upon a charge of having committed an offense, and not cognizable by a justice of the peace, shall proceed as soon as may be to examine the complainant, and the witnesses

---

[1] See *People v. Pendleton,* 79 Mich. 317.

in support of the prosecution, on oath, in the presence of the prisoner, in regard to the offense charged."

We think this statute is directory as to the quantity of testimony to be taken. If it be given too literal a construction, then, in any case where there are no witnesses other than the complainant, the respondent cannot be held; so, if the complainant should die after the complaint, the proceedings must abate. What is intended by the language quoted is that the justice shall receive such testimony from the complainant and his witnesses as may be offered, and act upon it.

3. The testimony tends to show that Shoemaker, the complaining witness, practiced some deceit upon the respondent in inducing him to make a sale of the liquor and to furnish the same to himself, Simpson, and Ellsworth; but it does not appear that the prosecuting attorney was cognizant of the purpose of Mr. Shoemaker to resort to this measure, nor that Shoemaker was acting upon the authority of the prosecuting attorney. The learned circuit judge was not even requested to submit that question to the jury, but it will be observed that the request proceeds upon the theory that, if the respondent was deceived into selling the liquor in question, there was in fact no offense committed; in other words, that if entrapped by a detective, even though the public authorities were in no way concerned in setting the trap, he could not be convicted. Such is not the law, as was held in *People v. Murphy*, 93 Mich. 41. We are not called upon to pass upon the question as it would be presented if it appeared beyond controversy that the prosecuting attorney directed this course to be taken by the detective. There was no request that such a question be submitted to the jury, and we are not called upon to examine the case with the view of ascertaining whether there was sufficient testi-

mony to go to the jury upon this question or not. It suffices that there was not testimony conclusively showing that the prosecutor directed any of the measures resorted to by Mr. Shoemaker, the detective, in procuring the liquor on the occasion to which the prosecution relates.

One other point is discussed in the brief of respondent's counsel. When the witness Ellsworth was on the stand he was asked, "Did you have any trouble about getting your pay for your services that day?" These services consisted in driving the man Shoemaker from Mason over to Stockbridge, the place where the liquors in question were sold. This was followed by the question as to whether the witness had to bring suit to recover his pay, and he testified that he did bring suit against Mr. Prosser, the prosecuting attorney, but this testimony was stricken out. It is contended that if this testimony had been allowed to stand it would have tended to show that the man Ellsworth was in the employ of the prosecuting attorney, and by inference that Shoemaker was acting under his directions in inducing the respondent to commit the offense charged. There was no error in the ruling. It was not sought to show by Ellsworth who in fact employed him, nor would the testimony offered have been competent to prove the fact that the prosecutor had any part in the employment of Shoemaker.

The conviction is affirmed.

The other Justices concurred.