PEOPLE v. UTLEY.

1. INTOXICATING LIQUORS—SALE BY DRUGGIST—BONDS.

A druggist who sells liquor without having given the bond prescribed by 2 Comp. Laws, § 5381, is not within the provision of that section exempting from the penalties of the liquor law druggists selling liquor in strict compliance with law, and is therefore amenable to the general law, the same as any other person.

2. SAME—SUFFICIENCY OF INFORMATION.

> But, there being nothing to prevent a druggist from becoming
> a retailer of liquor on giving the bond prescribed by section
> 5386, an information which charges him with selling liquor
> without having given a druggist's bond, but which fails to
> negative the giving of a retailer's bond, is fatally defective.

Exceptions before judgment from Newaygo; Palmer, J.
Submitted February 21, 1902. Decided March 4, 1902.

Charles P. Utley was convicted of violating the liquor
law. Reversed.

*E. L. Brooks*, for appellant.

*George Luton*, Prosecuting Attorney, for the people.

HOOKER, C. J. The defendant was convicted under
the provisions of the liquor law. It is claimed that he
was a druggist, and that he sold liquor as such without
having given a druggist's bond. His counsel contends,
in substance, that the law does not provide for the punish-
ment of a druggist who sells without having first given a
druggist's bond.

The general liquor law is not aimed at the two classes
of persons usually supposed to sell liquors, viz., saloon
keepers and druggists, alone. It applies to any one who
sells liquor in contravention of its provisions. It contains
a requirement that all persons who wish to engage in the
sale shall file a bond of a prescribed form, and excepts
from this provision druggists who see fit to file a bond of
different form, also prescribed. Until a druggist files the
latter bond, he is within the former provision, and is a
retailer if he sells liquor in quantities of three gallons or
less. 2 Comp. Laws, § 5380. If he has proved that he
was a druggist, and has given the prescribed druggist's
bond, he is not liable for sales made as a druggist, *under
the complaint;* but, if he has not given a druggist's bond,
he is liable under the law as any other man would be.
The law does not purport to give immunity from its

penalties to all druggists, but only to such druggists as "sell liquors for chemical, scientific, medicinal, mechanical, or sacramental purposes only, and in strict compliance with law." Id. § 5381. No druggist sells liquor in compliance with law until he gives a bond. Such are not druggists within the contemplation of the law.

But the information is insufficient to sustain this conviction. It charges the defendant with selling liquor without giving the bond prescribed by section 5381,—*i. e.*, the druggist's bond,—but it does not allege that he has sold liquor unlawfully, because it does not state that he has not given the retailer's bond prescribed by section 5386. The law does not prohibit a druggist from being a retailer of liquor, provided he is willing to pay the tax and give the retailer's bond; but it does permit him to sell for certain purposes, and in certain methods, without giving the retailer's bond, if he gives another bond, and not otherwise.

Inasmuch as this information will not support the conviction, we have no alternative but to set aside the verdict and discharge the respondent. It is so ordered.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.