SCHELSKE *v.* TOWNSHIP OF ORANGE.

1. APPEAL AND ERROR — REVIEW — PRESUMPTIONS — FINDING OF
FACTS.
   In a case tried to the court without a jury, the finding of facts
   must show every fact essential to support a judgment against
   defendant, but where no amendments were proposed and the
   attention of the court was not called to the alleged defects
   by special objections or otherwise, the findings will be aided
   by all reasonable intendments.

2. HIGHWAYS AND STREETS—PERSONAL INJURIES—ACTION—FIND-
ING OF FACTS—SUFFICIENCY.
   In an action against a township for injuries resulting from a
   defective highway, the court found that the highway was in
   a dangerous condition; that plaintiff, while using ordinary
   care to avoid injury, sustained injury through no fault of his
   but by reason of the dangerous condition of the highway;
   and that defendant had notice of this dangerous condition a
   sufficient time to have placed the highway in a proper condi-
   tion. *Held*, that the finding that the highway was danger-
   ous should be treated as equivalent to a finding that it was
   not reasonably safe, and, so treated, the necessary facts to sup-
   port a judgment against defendant appeared.

3. SAME.
   A finding that the highway was in a dangerous condition,
   owing to the placing of logs on either side of the beaten track,
   is to be treated as including a finding that there was an un-
   warranted obstruction to travel at that point, and it is not
   necessary that the finding should show the width that the
   highway had been opened for public use, and that the logs
   were within the limits of the highway as opened for travel.

4. TRIAL—FINDINGS OF FACT—SUFFICIENCY.
   A finding which includes all the facts necessary to be averred
   in a declaration is sufficient without a finding negativing any
   possible qualification of the facts found.

5. HIGHWAYS AND STREETS—PERSONAL INJURIES—ACTIONS—FIND-
INGS—NEGATIVING STATUTE.
   In an action against a township for injuries from a defective
   highway, the declaration or findings need not negative the
   statute (section 3444, 1 Comp. Laws) providing that the high-
   way must have been in use 10 years prior to plaintiff's injury,
   such proviso being matter of defense.

Error to Kalkaska; Chittenden, J. Submitted November 13, 1906. (Docket No. 119.) Decided February 5, 1907.

Case by Otto Schelske against the township of Orange for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Ernest C. Smith*, for appellant.

*J. L. Boyd*, for appellee.

MONTGOMERY, J. Plaintiff recovered in an action for personal injuries alleged to have been received by reason of the defendant's neglect to keep a certain highway in a condition reasonably safe and fit for public travel. The case was tried before the court without a jury. Findings of fact and law were filed. No amendments were proposed, nor were any exceptions filed. The case is brought here on writ of error, and is presented under the single claim that the findings do not support the judgment. The findings were as follows:

" *First.* That the highway in question was a legally laid out highway under the control of the defendant township.

" *Second.* That at the time the accident in question occurred said roadway was in a dangerous condition owing to the placing of logs on either side of the beaten track.

" *Third.* That the plaintiff was traveling upon said highway in the pursuit of his ordinary business and in an ordinarily cautious and prudent manner.

" *Fourth.* That, in passing the load of logs in question, he used ordinary care and caution to avoid injury, and that the injury resulted through no fault or negligence of the plaintiff, but by reason of the dangerous condition of the highway because of the logs piled adjacent to the beaten track.

" *Fifth.* That the defendant township had notice of the dangerous condition of the highway a sufficient time to have placed the same in proper condition.

" *Sixth.* That the injury that the plaintiff sustained is of a permanent character, and that his earning capacity has been impaired.

"It therefore follows, as a matter of law, that the defendant is liable for any damages sustained by the plaintiff by reason of said accident as set forth in plaintiff's declaration."

The defendant contends that the finding of facts is to be treated as in the nature of a special verdict, and that every fact essential to show defendant's liability must be found; citing *Adams* v. *Champion,* 31 Mich. 233; *Gardner* v. *Thayer,* 50 Mich. 128, and other cases. It is doubtless the rule that the essential facts must be found, but where no amendments are proposed and the attention of the trial court is not attracted to the alleged defects by special objections or otherwise, the findings as filed will be aided by all reasonable intendments. *Peabody* v. *McAvoy,* 23 Mich. 526; *Neib* v. *Hinderer,* 42 Mich. 451; *Hart* v. *Doyle,* 128 Mich. 257.

Construing these findings in accordance with these rules, we discover that the circuit judge has found that the highway in question was in a dangerous condition, that plaintiff, while using ordinary care to avoid injury, sustained injury through no fault of his but by reason of the dangerous condition of the highway, and that defendant had notice of this dangerous condition a sufficient time to have placed the highway in a proper condition. If we treat a statement or finding that the highway was dangerous as equivalent to a finding that it was not reasonably safe, the necessary facts to warrant a judgment appear to be present. The rule that all reasonable intendments shall be indulged in support of the judgment plainly requires this construction of that finding.

But it is insisted that the finding should show the width that the highway has been opened for public use, and that these logs were within the limits of the highway as opened for public travel. It is said that these are material facts and must appear affirmatively. We are of the opinion that the finding that the highway was dangerous for the reason stated is to be treated as including a finding that there was an unwarranted obstruction to travel

at that point. That such obstructions may justify recovery in a proper case is determined by the recent case of *McEvoy* v. *City of Sault Ste. Marie*, 136 Mich. 172.

It is next urged that there is no finding that the highway had been in use for 10 years prior to plaintiff's injury. A technical objection may be properly met by a technical answer. Obviously a finding which includes the facts necessary to be averred in a declaration is sufficient without a finding negativing any possible qualification of the facts found. The rule of pleading is that, in declaring on a statute if there be an exception to the enacting clause, the pleader must negative the exception, but where there is no exception in the enacting clause but an exception contained in a proviso or subsequent section this constitutes matter of defense and need not be negatived. *Myers* v. *Carr*, 12 Mich. 63; *People* v. *Curtis*, 95 Mich. 212; *Smalley* v. *Ashland Brown-Stone Co.*, 114 Mich. 104.

The statute here invoked, section 3444, 1 Comp. Laws, is within the latter rule, and need not be negatived in the declaration or finding.

No error appears. The judgment is affirmed.

McALVAY, C. J., and CARPENTER, OSTRANDER, and HOOKER, JJ., concurred.