PETERS v. EATON CIRCUIT JUDGE.

INTOXICATING LIQUORS—CRIMINAL LAW—INFORMATIONS—NEGATIVING DEFENSES—DRUGGISTS—LICENSE—QUASHING INFORMATION.
  On mandamus to compel the vacation of an order quashing an information for the violation of the liquor law, the writ is denied by a divided court; Mr. Justice CARPENTER, with whom concur Justices OSTRANDER, HOOKER, and McALVAY, writing for a denial of the writ on the ground that the information which charges the accused with "being then and there a person whose business consists in part in the sale of drugs and medicines," etc., is fatally defective in that it fails to set up that accused had given the bond prescribed by section 5381, 2 Comp. Laws; Mr. Justice MONTGOMERY, with whom concur Chief Justice GRANT and Justices BLAIR and MOORE, writing for the issuance of the writ on the ground that the information charges all the essential ingredients of the offense as defined by the statute, and that if subsequent provisions of the statute introduce exceptions it is not necessary for the pleader to negative them.

Mandamus by Elmer N. Peters, prosecuting attorney, to compel Clement Smith, circuit judge of Eaton county, to vacate an order quashing an information. Submitted May 5, 1908. (Calendar No. 22,821.) Writ denied by a divided court July 1, 1908.

*Elmer N. Peters*, in pro. per.

*Garry C. Fox* (*L. H. McCall*, of counsel), for respondent.

Relator filed an information in the circuit court for the county of Eaton of which the following is the material part:

"Fred H. Emery * * * on the 31st day of August, 1907, at the city of Charlotte, in said county, did sell, furnish and deliver to Ira Ball, certain spirituous, malt, brewed, fermented, vinous and intoxicating liquors, to wit, one bottle of beer to be used as a beverage. He, the said Fred H. Emery, being then and there a person whose business consists in part in the sale of drugs and medicines, and said liquors not being then and there sold for chemical, scientific, medicinal, mechanical or sacramental purposes only, and in strict compliance with law, contrary to the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

The respondent quashed said information upon the ground that the information charged no crime. Relator seeks a mandamus compelling the vacation of said order.

CARPENTER, J. (*after stating the facts*). Under the laws of this State (2 Comp. Laws, § 5380) every person who sells liquor "in quantities of three gallons or less, or one dozen quart bottles or less, at any one time," is a retail liquor dealer, unless he has given the druggist's bond prescribed by section 5381, 2 Comp. Laws, authorizing him to sell liquor for medicinal purposes. *People* v. *Utley*, 129 Mich. 628; *People* v. *Wilcox*, 152 Mich. 39. Emery, the respondent named in the information before us, is not charged with the offense of selling as a retail liquor dealer, nor could he be convicted of that offense because there is no averment in the information "that he has not given the retailer's bond prescribed by section 5386." *People* v. *Utley*, supra. No offense, then, is charged against respondent Emery as a retail dealer of

liquors. Is he charged with the offense of making a sale as a druggist contrary to the provisions of section 5381, 2 Comp. Laws? To bring his case under that section, the logic of *People* v. *Utley* requires the information to show by some proper averment that he had given the bond prescribed therein authorizing him to sell liquor for medicinal purposes. It is quite clear that the information contains no such averment. It merely avers that his business "consists in part in the sale of drugs and medicines." Surely no one would infer from this that he had given a bond authorizing him to sell liquor for medicinal purposes. We are therefore of the opinion that the information charged no offense, and that it was properly quashed by respondent.

This reasoning is not, in our judgment, opposed to *People* v. *Curtis*, 95 Mich. 212, relied upon by relator. There the information charged that respondent therein named "being then and there a druggist * * * did then and there sell, furnish, and deliver a quantity of spirituous liquor, called 'brandy,' to wit, three drinks of brandy, to one Clinton D. Shoemaker, to be used as a beverage, which said brandy was then and there drank on the premises of said Orrin Curtis." The sufficiency of this information was assailed because (I quote from the brief filed by appellant's counsel in that case):

"There is no charge in the information or other papers that the respondent was not then and there and at the time a saloon keeper with a license and right under the laws of the State to sell the liquor mentioned in said information."

We overruled this contention, and that decision is authority for the proposition that it was unnecessary for the information to contain the averment insisted upon. It is true that the opinion in *People* v. *Curtis* states that "the information was sufficient." This means, of course, merely this, that it was not open to any of the objections made by counsel. It is not to be taken as authority for the proposition that it was open to no other objection.

That case may not be regarded, then, as authority for the proposition that to charge an offense under section 5381 it is sufficient to aver that the person charged with the crime was a druggist. It would certainly be better and safer practice to charge that he had given the bond permitting him to sell as a druggist liquor for medicinal purposes. Even if *People* v. *Curtis* is authority for the proposition that, to charge an offense under section 5381, it is sufficient to aver in the information that the offender is a druggist, it would not govern this case, for there is a manifest distinction between a " druggist " and one whose business "consists in part in the sale of drugs and medicines."

It seems to be thought by some of the counsel in this case that the *Utley Case* decides—contrary to the holding in the *Curtis Case*—that an information charging a druggist with making an unlawful sale must negative his having given a bond as a retail liquor dealer. It does not so decide. It does decide, to repeat, that, as Utley had failed to give the druggist's bond, he was a retail dealer of liquors, and that the information charged no offense "because it does not state that he has not given the retailer's bond."

Since this opinion was prepared, relator has filed a brief calling our attention to *People* v. *Hinchman*, 75 Mich. 587 (4 L. R. A. 707). There respondent Hinchman, under an information substantially like that before us, was convicted for making a sale of liquor as a druggist contrary to the provisions of section 5381, 2 Comp. Laws. We sustained that information. The only objection that was made to the information was this, "it does not show or allege that the said liquors were sold to be used as a beverage." The point that it failed to aver that Hinchman was a druggist was not made and that question was not, therefore, considered. For that reason the case has no bearing.

The mandamus is denied.

OSTRANDER, HOOKER, and MCALVAY, JJ., concurred with CARPENTER, J.

MONTGOMERY, J.   This is an application for a mandamus to require the circuit judge to vacate an order quashing an information filed in his court, the material part of which was as follows:

"Fred H. Emery   *   *   *   on the 31st day of August, 1907, at the city of Charlotte, in said county, did sell, furnish and deliver to Ira Ball, certain spirituous, malt, brewed, fermented, vinous and intoxicating liquors, to wit, one bottle of beer to be used as a beverage.   He, the said Fred H. Emery, being then and there a person whose business consists in part in the sale of drugs and medicines, and said liquors not being then and there sold for chemical, scientific, medicinal, mechanical or sacramental purposes only, and in strict compliance with law, contrary to the statute in such case made and provided, and against the peace and dignity of the People of the State of Michigan."

The question is whether this information charges an offense.   It is to be noted that the information is in form such as has been employed in the different circuits of the State for at least 20 years.   See *People* v. *Hinchman,* 75 Mich. 587 (4 L. R. A. 707); *People* v. *Curtis,* 95 Mich. 212.   While this is not of controlling force, it is a circumstance that challenges careful consideration of the question.

The statute, section 5381, 2 Comp. Laws, being a portion of " an act to provide for the taxation and regulation of the business of manufacturing, selling, keeping for sale, furnishing, giving or delivering spirituous and intoxicating liquors," etc., provides in terms (section 5381):

"It shall not be lawful for any druggist, nor for any person whose business consists in whole or in part of the sale of drugs and medicines, directly or indirectly, by himself, his clerk, agent or servant, at any time, to sell, furnish, give, or deliver, any spirituous, malt, brewed, fermented or vinous liquor, or any mixed liquor, a part of which is spirituous, malt, brewed, fermented or vinous, * * * nor to any other person to be used as a beverage."

It is obvious from a casual reading of this information

that it charges all the essential ingredients of the offense as defined by the statute quoted. That statute makes it an offense for any druggist, or for any person whose business consists in whole or in part of the sale of drugs and medicines, to sell liquor to be used as a beverage. In the case of *People* v. *Curtis*, supra, one of the errors assigned was that the information, which was in all material respects like the one under consideration, set forth no offense known to the laws of the State. In dealing with that question, the court, in its opinion, stated that one of the grounds of error was that the information was insufficient. The holding was that the information was sufficient, and upon the ground that all the statutory conditions which by section 5381, 2 Comp. Laws, are declared to constitute the offense, are set out. It was said:

" It is claimed that the information should show negatively that the respondent was not licensed to keep a saloon under other sections of the statute."

The answer to this was:

" The rule of pleading, however, in either civil or criminal cases does not require this. [Citing cases.] The rule is that in pleading a statute which contains an exception in the enacting clause the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause or subsequent statute, that is matter of defense, and is to be shown by the other party."

The case of *People* v. *Utley*, 129 Mich. 628, is relied upon. It will be noted that the charge in that case was that he was a druggist and had sold liquors without giving a druggist's bond. It was said that the liquor law—

" Contains a requirement that all persons who wish to engage in the sale shall file a bond of a prescribed form, and excepts from this provision druggists who see fit to file a bond of different form, also prescribed. Until a druggist files the latter bond, he is within the former provision, and is a retailer if he sells liquor in quantities of three gallons or less."

It was further said:

"No druggist sells liquor in compliance with law until he gives a bond."

And it is further stated:

"The law does not prohibit a druggist from being a retailer of liquor, provided he is willing to pay the tax and give the retailer's bond; but it does permit him to sell for certain purposes, and in certain methods, without giving the retailer's bond, if he gives another bond, and not otherwise."

The question presented in that case is markedly different from the one which we are considering. The question is not presented on this record as to whether the respondent on the trial might or might not be able to aver and prove that he comes within an exception to the terms of this statute by showing that under a later provision of the statute he has given a bond to engage in the business of selling liquor generally. The point is, as is held in *People* v. *Curtis*, that when the pleader has set out all the essential ingredients of the offense as defined by the statute, no exception engrafted upon that statute by a subsequent section—if by implication it be held that such an exception is engrafted upon the statute—is a matter of defense, and need not be negatived in the information.

Section 5381 contains other provisions regulating the selling of liquor by druggists. It authorizes the sale of liquor by druggists for certain purposes upon complying with certain restrictions and conditions, among which is the giving of a bond in a prescribed form. The question is whether, in a prosecution where the people prove that the respondent is a druggist, and that he has sold liquor as a beverage, it is essential, in order to make out the case, to show that he has violated other provisions of the same section. I think not. The language of the section quoted in this opinion very clearly defines the offense and makes the offense to consist of any druggist, or any person whose business consists in whole or in part in the sale of

drugs and medicines, selling liquor to any person to be used as a beverage. If the fact is proven that the respondent is a druggist, and that he has violated this provision of the statute, it would seem that it would be but an aggravation of the offense that he had also failed to comply with other provisions of the statute relating to druggists.

The writ should issue as prayed.

GRANT, C. J., and BLAIR, and MOORE, JJ., concurred with MONTGOMERY, J.