STEWART *v.* CALHOUN CIRCUIT JUDGE.

1. INTOXICATING LIQUORS — CRIMES — SUFFICIENCY OF INFORMA-
   TION—STATUTES.

   An information charging respondent with selling intoxicating
   liquor at retail without license or authority, without having
   paid any tax and without having a receipt and notice posted,
   is sufficient under 2 Comp. Laws, §§ 5380, 5385, 5386.

2. SAME—DRUGGISTS—ILLEGAL SALES.

   The fact that respondent was engaged in the business of selling
   drugs would not constitute a defense to such an information.
   *People* v. *Utley,* 129 Mich. 628; *Anderson* v. *Van Buren Cir-
   cuit Judge,* 130 Mich. 697.

3. SAME—PLEADINGS—SURPLUSAGE.

   In an information for selling intoxicating liquors unlawfully,
   the allegation that respondent was engaged in the business
   of selling drugs and medicines does not invalidate the infor-
   mation and may be treated as surplusage.

4. SAME.

   Such an allegation in the information does not imply that the
   defendant was lawfully engaged in business as a druggist
   under 2 Comp. Laws, § 5381.

5. SAME—STATUTES—RETAIL SALES BY DRUGGIST.

   A druggist may sell intoxicating liquors at retail upon com-
   plying with the statute governing sales at retail. 2 Comp.
   Laws, § 5379 et seq.

6. INFORMATION—SALES BY DRUGGIST—PROSECUTION.

   An information against a druggist for selling intoxicating
   liquors, in violation of the statute regulating sales by drug-
   gists, must show that defendant availed himself of the pro-
   visions of such statute, by filing a bond.

Mandamus by Louis E. Stewart, prosecuting attorney,
to compel Walter H. North, circuit judge of Calhoun
county, to set aside an order quashing an information.
Submitted December 8, 1908.  (Calendar  No.  23,132.)
Writ granted May 26, 1909.

*Louis E. Stewart,* in pro. per.

*D. C. Salisbury,* for respondent.

HOOKER, J.    An information was filed under the liquor law.    A motion was made to quash the information, and this was granted.    There being no other remedy, the relator asks a mandamus to compel the court to vacate the order and proceed with the trial.

The record shows undisputed facts, and that the order made involved only a question of law, *i. e.*, whether the information charged an offense under the law.    The information charges the defendant with selling at retail intoxicating liquor, without any license or authority; defendant not having paid any tax and not having a receipt and notice posted.    Were this all that the information alleged, it would be a good information.    Furthermore, the fact that he was engaged in the business of selling drugs would not constitute a defense.    We so held in the case of *People* v. *Utley*, 129 Mich. 628.    See, also, *Anderson* v. *Van Buren Circuit Judge*, 130 Mich. 697; *Peters* v. *Eaton Circuit Judge*, 153 Mich. 467.    But the information charges more.    It states that he was "engaged in the business consisting in part of the sale of drugs and medicines."    Had it said that he was engaged in the business of a grocer or hardware dealer, such allegations would be unimportant, and would be surplusage.    The same can be said in this case unless the fact that he is alleged to be engaged in the business of selling drugs imports that he has chosen to avail himself of the privilege of giving a druggist's bond under the provisions of section 5381, 2 Comp. Laws.    It does not import this.    *People* v. *Shuler*, 136 Mich. 161.    We conclude, therefore, that the information contains a valid charge against him as a retailer.    Sections 5380, 5385, 5386.

It is said, however, that the relator's contention is that this information contains a good charge under section 5381. This can only be upon the theory that any druggist who sells liquor to be used as a beverage and drunk upon the premises where sold is liable for the penalty prescribed in section 5381, a proposition which is inconsistent with the right of one engaged in such business to become a retailer

of liquor under section 5380, a right which we have said that he has. See cases supra. There is nothing that prohibits a druggist from retailing spirits, provided he complies with the law relating to retailers. It was so held in the early case of *Luton* v. *Newaygo Circuit Judge*, 69 Mich. 610. That case was here on demurrer, and the court said that the "charge was plainly one of selling at retail without license, or paying a tax as a retail dealer, in liquors." See, also, *People* v. *Congdon*, 137 Mich. 133; *Maynard* v. *Eaton Circuit Judge*, 108 Mich. 201; *People* v. *Remus*, 135 Mich 630; *People* v. *Robinson*, 135 Mich. 511; *People* v. *Shuler*, supra. But, if he does not wish to do that, he can avoid it and have a right to sell liquor in a method prescribed by complying with section 5381. If he is to be prosecuted under this section, it must be because he has elected to avail himself of this privilege by filing the druggist's bond, when he may be prosecuted for a violation of the regulations therein contained, which have special reference to druggists; and, in such a prosecution, it is necessary that the information show that he has so availed himself of the provision of section 5381. This is implied in *People* v. *Utley*, supra. See, also, *Bishopp* v. *Hillsdale Circuit Judge*, 94 Mich. 461. This question was before us in *Peters* v. *Eaton Circuit Judge*, supra, but was not there determined authoritatively.

Whether a druggist who has filed the druggist's bond, etc., is altogether exempt from prosecution under section 5386, regardless of the character of his conduct, and liable only for such violations and penalties as are to be found in section 5381, is a question not in this case. It is doubtful if it has ever been decided, and we do not intend to imply any opinion on that subject here. It is enough to say that this was a good information under section 5386, but was not under section 5381.

The order quashing the information was erroneous, and should be vacated, and doubtless will be on application, in view of our decision.

OSTRANDER, MOORE, McALVAY, and BROOKE, JJ., concurred.