WALLS *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—NEGLIGENCE—HIGHWAYS AND STREETS.
It was negligence for a municipal corporation to permit the
traveled portion of a street to be obstructed by a pile of
crushed stone and sand, without a warning lamp or other
danger signal to mark the place, after it had notice of the
obstruction which was left in the highway by persons hav-
ing no contract relations with defendant.[1]

Error to Wayne; Donovan, J. Submitted June 16,
1911. ( Docket No. 83.) Decided October 1, 1912.

Case by Edward Walls against the city of Detroit, for
personal injuries. A judgment for defendant on a ver-
dict directed by the court is reviewed by plaintiff on writ
of error. Reversed.

*John H. Dohrman,* for appellant.

*Edmund Atkinson* (*P. J. M. Hally,* of counsel), for
appellee.

BIRD, J. The plaintiff while driving his automobile on
Dix avenue, in the city of Detroit, ran into a pile of
crushed stone and sand, which had been deposited upon
the pavement near the curb line by private contractors
for the purpose of constructing a sidewalk. When the
automobile ran into the obstruction, it overturned, and fell
against a passing street car, throwing plaintiff out and
injuring him, and he has instituted this suit to recover

[1] As to notice of claim and cause of injury as condition of munici-
pal liability for defect in highway, generally, see note in 20 L. R.
A. (N. S.) 757.

As to validity of requirement of notice of injury as a condition
of municipal liability, see note in 36 L. R. A. (N. S.) 1136.

damages therefor. At the close of the plaintiff's proofs, the trial court directed a verdict for the defendant on the ground that the city was not liable because the obstruction was created, not by the city, but by third parties who had no contract relations with the city. There seems to have been a delay in construction, owing to several shade trees standing in the line of the walk, which the contractors were waiting to have removed, and the testimony shows that the obstruction had remained in the street for a period of time ranging from three to ten weeks. There was little question as to whether the city had notice of it, because it maintained a warning light on it at least a portion of the time. Whether a warning light was displayed on or near the pile at the time plaintiff ran into it, the testimony was in conflict.

The liability of the city in such a case is fixed by statute. 1 Comp. Laws, § 3441 (2 How. Stat. [2d Ed.] § 2462). The construction put upon this statute by the court is that where an obstruction has been placed in the highway by third parties, which renders it unfit and dangerous for public travel, it creates a liability against the city, after it has actual or constructive notice thereof. *Joslyn* v. *City of Detroit*, 74 Mich. 458 (42 N. W. 50). After the statute of 1879 (Act No. 244; Pub. Acts 1879) was superseded by the present act of 1887 (Act No. 264, Pub. Acts 1887), this court passed upon the question again, affirming the construction of *Joslyn* v. *City of Detroit*. *McEvoy* v. *City of Sault Ste. Marie*, 136 Mich. 172 (98 N. W. 1006). More recently the same construction was applied and a judgment affirmed in *Schelske* v. *Township of Orange*, 147 Mich. 135 (110 N. W. 506). These cases so fully dispose of the question involved here that it is unnecessary to give it any further consideration.

It is further argued by counsel for the city that plaintiff had seen and known of the obstruction before the night in question, and that he was guilty of contributory negligence in failing to observe it and in driving his car at a high rate of speed. This testimony, taken in connection

with the other testimony in the case, made the question of plaintiff's negligence one of fact for the jury. We think the trial court was in error in directing a verdict for the defendant. The case should have been submitted to the jury.

The judgment is reversed, and a new trial ordered.

MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred.